HOWARD H. BARHAM, EMPLOYEE, PLAINTIFF v. KAYSER-ROTH
    HOSIERY CO., INC., EMPLOYER; INSURANCE COMPANY OF
    NORTH AMERICA, CARRIER, DEFENDANTS

No. 7215IC467

(Filed 2 August 1972)

1. Master and Servant § 91— Industrial Commission — jurisdiction of
   claim — filing of claim within one year

   The Industrial Commission properly dismissed plaintiff's claim
   for workmen's compensation for lack of jurisdiction where plaintiff
   failed to file his claim within two years after the accident in which
   he sustained injuries, the requirement of timely filing being a con-
   dition precedent to the right to compensation and not a statute of
   limitation. G.S. 97-24(a).

2. Master and Servant § 85— Industrial Commission — insufficiency of
   evidence to raise question of estoppel to attack jurisdiction

   The court on appeal did not reach the question of whether under
   all circumstances a party can or cannot be estopped to attack the
   jurisdiction of the Industrial Commission because there was insuf-
   ficient evidence of estoppel to raise the question.

APPEAL by plaintiff from opinion and award of the North
Carolina Industrial Commission filed 3 February 1972.

Uncontroverted evidence shows plaintiff was injured on
2 March 1966 in an accident arising out of and in the course of
his employment. Plaintiff was employed in a supervisory ca-
pacity by defendant Kayser-Roth and was paid his full salary
even for the period he was in the hospital and not working.
He never received any compensation under the provisions of
the North Carolina Workmen's Compensation Act (G.S. 97-1
et seq.) during the time he was injured. The accident was
reported by the employer to its insurance carrier, the co-
defendant in this case, on 30 March 1966. Plaintiff received
medical bills and paid some of the drug bills, "with the under-
standing that the bills would be paid for through the com-
pany . . . " Plaintiff brought the bills to the attention of Mr.
Jim Ferrell in the personnel department of Kayser-Roth. "He
said well go ahead and pay the bills and bring him the bills and
that I would get my money back and all the time telling me
with the understanding I had and I think Jim did too that the
bills would be taken care of by the insurance company." On
23 March 1967, defendant insurance carrier received notice
that the Industrial Commission approved for payment $146.41

of a $165.41 hospital bill, and they paid it later in April. On 1 November 1968, defendant insurance carrier notified the Industrial Commission that they had misplaced plaintiff's file and requested a copy of the Commission's file. Plaintiff did not learn until April of 1971 that he would not be compensated for the medical bills incurred which were still unpaid. Plaintiff finally filed a claim with the Industrial Commission by undated letter which was received by the Commission on 6 April 1971, and there is no evidence that he ever filed a claim at some earlier date.

At a hearing before Commissioner Roney on 9 November 1971, defendants denied liability by reason of G.S. 97-24 and 97-47 and moved to dismiss on the grounds that the Industrial Commission lacked jurisdiction. Based upon his findings of fact and conclusions of law, Commissioner Roney denied plaintiff's claim, and the Full Commission affirmed. Plaintiff excepted and gave notice of appeal to this Court.

*Long, Ridge and Long, by George A. Long, for plaintiff appellant.*

*J. B. Winecoff for defendant appellees.*

MORRIS, Judge.

[1]  Defendants concede that G.S. 97-47 has no application to the facts of this case so that the only question presented is: Whether the North Carolina Industrial Commission had jurisdiction when plaintiff did not file a claim with the Commission and no claim was filed on his behalf within the time allowed by G.S. 97-24(a)? This question must be answered in the negative. G.S. 97-24(a) provides:

> "The right to compensation under this Article shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident, and if death results from the accident, unless a claim be filed with the Commission within one year thereafter."

Plaintiff was injured on 2 March 1966, filed a claim on 6 April 1971, and makes no contention that any claim was filed on his behalf at any earlier date. It is well-settled law in this State, as enunciated most recently in the case of *Montgomery v. Fire Department*, 265 N.C. 553, 144 S.E. 2d 586 (1965), that the

---

Barham v. Hosiery Co.

---

requirement of filing a claim in accord with the provisions of the above statute is a condition precedent to the right to compensation and not a statute of limitation. We cannot, as plaintiff urges, reverse "the narrow and rigid doctrine" under these facts. The voluntary payment of a medical bill by defendant carrier in April of 1967 is not an admission of liability and does not dispense with the necessity of filing a claim with the Industrial Commission within two years of the date of the accident. *Biddix v. Rex Mills,* 237 N.C. 660, 75 S.E. 2d 777 (1953). There is no evidence that the Industrial Commission acquired jurisdiction either by the timely filing of a claim or by the submission of a voluntary settlement agreement to the Commission for approval. *Tabron v. Farms, Inc.,* 269 N.C. 393, 152 S.E. 2d 533 (1967). The Industrial Commission properly dismissed plaintiff's claim for lack of jurisdiction and this assignment of error is overruled.

[2] Plaintiff contends that even though the claim was not timely filed, defendant is estopped to take advantage of his failure to file within the time provided by statute by the actions of its agents and employees. The general rule in this State is stated in *Hart v. Motors,* 244 N.C. 84, 88, 92 S.E. 2d 673 (1956):

> "The North Carolina Industrial Commission has a special or limited jurisdiction created by statute, and confined to its terms. Viewed as a court, it is one of limited jurisdiction, and it is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction over subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver, or estoppel. (Citations omitted.)"

However, as in *Hart,* we do not reach the question of whether under all circumstances a party can or cannot be estopped to attack the jurisdiction of the Commission because in this case there is insufficient evidence of estoppel to raise the question.

Further discussion of plaintiff's other assignments is not necessary.

No error.

Judges BROCK and HEDRICK concur.