CHARLES CLODFELTER Employee-Plaintiff v. UNITED FURNITURE COMPANY Employer; AMERICAN MUTUAL LIABILITY INS. CO., Carrier, Defendants

No. 7710IC954

(Filed 5 September 1978)

**Master and Servant § 91— workmen's compensation—claim not filed in time—absence of estoppel**

The Industrial Commission's determination that there was insufficient evidence of estoppel to give the Commission jurisdiction over a workmen's compensation claim filed by plaintiff more than two years after he reached the age of 18 was supported by the evidence where plaintiff testified that he did not file the claim earlier because he had been told by his foreman and the employer's personnel manager that he was not entitled to any benefits, and the foreman and personnel manager testified that they could not recall giving such advice, since the Commission was the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and the Commission resolved the conflict in the evidence against plaintiff.

APPEAL by plaintiff from the decision of the North Carolina Industrial Commission filed 12 August 1977. Heard in the Court of Appeals 25 August 1978.

Plaintiff instituted this workmen's compensation proceeding on 11 August 1975 to recover for injuries received on 31 July 1969. Plaintiff's evidence tended to show that he was 16 years old

and working for defendant Furniture Company during the summer of 1969, that his right forearm was injured when two fluorescent lights exploded, that he notified his foreman Jerry Lanier immediately and was taken to a hospital where he stayed for three days, that his doctor and his hospital bills were paid for him, that he asked foreman Lanier and personnel manager Alton Myers about further benefits after he was discharged from the hospital, that both told him that he was not entitled to any benefits since he resigned from the job after the accident and since he had only been summer help, that he did not file a workmen's compensation claim until August 1975 because of what these two men had told him, and that he still suffers scarring and numbness and weakness in his right forearm. The hearing commissioner entered an order in which he found as facts that plaintiff filed for workmen's compensation benefits over two years after he reached the age of 18, that plaintiff alleged that he delayed because he had been informed that he was not entitled to benefits, that the foreman and personnel manager could not recall giving such advice and that "there is insufficient evidence of estoppel in this case to confer jurisdiction on the Commission." The commissioner therefore dismissed the proceeding for lack of jurisdiction. The Full Commission affirmed this order. From this determination, plaintiff appealed.

*Gerrans & Spence, by C. E. Gerrans, for the plaintiff.*

*Teague, Johnson, Patterson, Dilthey & Clay, by George W. Dennis III, for the defendants.*

MARTIN (Robert M.), Judge.

The question for decision is whether there was sufficient evidence of estoppel to give the North Carolina Industrial Commission jurisdiction when no claim was filed by the plaintiff within the time allowed by G.S. 97-24(a). We answer the question in the negative. G.S. 97-24(a) provides:

"The right to compensation under this Article shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident, and if death results from the accident, unless a claim be filed with the Commission within one year thereafter."

Plaintiff contends the employer should be estopped from asserting the lateness of a claim if the employer discouraged the filing through misrepresentation, deception or assurances. He argues that his evidence should invoke the doctrine of estoppel for that defendants' employees could not recall what they might have said at the time of the accident.

The general rule in this State is stated in *Hart v. Motors*, 244 N.C. 84, 88, 92 S.E. 2d 673, 676 (1956):

"The North Carolina Industrial Commission has a special or limited jurisdiction created by statute, and confined to its terms. Viewed as a court, it is one of limited jurisdiction, and it is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction over subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver, or estoppel. (Citations omitted.)" See *Barham v. Hosiery Co.*, 15 N.C. App. 519, 190 S.E. 2d 306 (1972).

There is a direct contradiction between the testimony presented by the plaintiff and that offered by the defendants. A resolution of this conflict necessarily requires passage on the credibility of the witnesses involved. In finding as a fact and concluding as a matter of law that there is insufficient evidence of estoppel to confer jurisdiction on the Commission, both Deputy Commissioner Delbridge and the Full Commission have resolved this credibility question contrary to the plaintiff. This being so, this finding of fact and conclusion of law is binding on appeal, as the Commission is the sole judge of the credibility of the witnesses, and of the weight to be given to their testimony. *Anderson v. Motor Company*, 233 N.C. 372, 64 S.E. 2d 265 (1951); *Henry v. Leather Company*, 231 N.C. 477, 57 S.E. 2d 760 (1950).

Inasmuch as the findings of fact are supported by legal evidence, the opinion and award of the Full Commission cannot be disturbed.

For the reasons given, the decision of the Commission is

Affirmed.

Judges VAUGHN and MITCHELL concur.