JACK WESTON, SR., EMPLOYEE v. SEARS ROEBUCK & CO., SELF-INSURED

No. 8210IC1170

(Filed 6 December 1983)

**Master and Servant § 85— workers' compensation—error to find jurisdiction—time limit expired**

 Pursuant to G.S. 97-24(a) the Industrial Commission erred in finding it had jurisdiction to hear plaintiff's workers' compensation claim where plaintiff alleged he sustained injuries in the course of his employment with defendant on 20 November 1970 but failed to file a claim for compensation with the Industrial Commission until 18 March 1981, and where the facts do not support the conclusion that defendant was equitably estopped from challenging the Industrial Commission's jurisdiction to hear plaintiff's claim.

APPEAL by defendant from the Opinion and Award of the North Carolina Industrial Commission filed 28 June 1982. Heard in the Court of Appeals 27 September 1983.

Plaintiff seeks workers' compensation benefits for injuries allegedly sustained in the course of his employment with defendant on 20 November 1970.

Plaintiff filed a claim for compensation with the Industrial Commission on 18 March 1981. Defendant filed a motion to dismiss the claim for lack of jurisdiction on the grounds that plaintiff had failed to file his claim within the time provided by law. By order of the full Commission, the initial hearing in the matter was restricted to the issue of jurisdiction. From the evidence and testimony taken at the initial hearing on 29 October 1981, the deputy commissioner made the following findings of fact:

 1. Plaintiff was a TV repairman and an installer of television antennas for defendant employer in a territory which comprised several states around Hendersonville. He had begun employment with defendant employer about two years prior to his injury and he had a similar job in which he was self-employed on the side in which he did occasional work.

 2. On November 20, 1970 plaintiff was on the top of a house which was located on the top of a mountain and the weather was particularly rough that day and plaintiff was required to work outside some 30 to 40 minutes. He found afterward that he could not work his fingers and has had

pain in his hands and fingers and a tingling and burning sensation since that time and has had medical treatment for that condition.

3. The following day when plaintiff went into the store in the morning he told several co-employees as well as the manager of the store that he had hurt his hands the day before on the job. [He did not advise them that he was making a workers' compensation claim nor did he advise them at that time about medical treatment.]

4. Nor has plaintiff advised defendant employer at any time since then of the medical treatment he's had on his hands and fingers nor of his intention to pursue a workers' compensation claim.

5. Plaintiff's first written notice to defendant employer was the Form 18 which he filed with the Commission bearing the date of March 16, 1981 and having been filed with the Commission on March 18, 1981.

6. Plaintiff's employment with defendant employer was terminated on March 2, 1972 and at that time he knew that he was not going to receive any compensation from defendant employer for this alleged injury. If defendant employer had been estopped by its conduct prior to that time to assert any statute of limitations defense, such estoppel certainly ceased at that time since plaintiff was then on notice that he would not be paid any workers' compensation as a result of the injury.

From these facts, the deputy commissioner made the following conclusions of law:

1. On November 20, 1970 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant employer.

2. The statute of limitations time period has expired and plaintiff can no longer make his claim. G.S. 97-24. Defendant has not engaged in any conduct which would constitute estoppel to allow plaintiff to pursue his claim at this late date.

Plaintiff's claim for workers' compensation benefits was accordingly denied. Plaintiff applied to the full Commission for review.

In addition to finding essentially the same facts as the deputy commissioner, the full Commission also found:

2. . . . The store manager advised plaintiff to "take it easy" in the use of his hands and not to "overdo anything." The store manager did not advise plaintiff to see a doctor or file any report of the injury. The plaintiff was put on "light duty," which meant no outside work with his hands, but he experienced pain and cramping in his hands that hampered his work repairing TV sets. Plaintiff continued to work for defendant-employer inside despite problems with his hands which grew progressively worse until on or about March 2, 1972, when he was fired for allegedly "fleecing the company out of time" in the TV repair business. At this point, plaintiff held up his bandaged hands, asked the supervisor who fired him what defendant-employer was "going to do about these," and was told by the supervisor that the company would "take care of it."

3. After his firing, plaintiff wrote defendant-employer on several occasions to inquire about whether he would be compensated in any way for the injury to his hands but never received a reply to his letters. Plaintiff also discussed the matter with one or more lawyers, none of whom had any authority to speak for defendant-employer. The misrepresentation of its intentions on the part of defendant-employer, coupled with its failure to actually reveal the fact that it had no intention of "taking care of" the plaintiff's injury until plaintiff filed his claim on March 18, 1981, constitute conduct on the part of defendant-employer which estop it from pleading the time limit in G.S. 97-24 as a bar to plaintiff's claim. Plaintiff relied on defendant-employer's false promise to his own detriment. Defendant-employer's conduct also constitutes a reasonable excuse for plaintiff's failure to file a written report of his injury with his employer as required by G.S. 97-22.

The Commission concluded on the basis of these facts that defendant was estopped to deny the Industrial Commission's jurisdiction to consider the late claim. The Commission also concluded that plaintiff had suffered a compensable injury and reset the hearing for a determination as to the amount of compensation due. From this order, defendant appealed.

*James H. Toms for plaintiff appellee.*

*Prince, Youngblood, Massagee and Creekman, by James E. Creekman for defendant appellant.*

EAGLES, Judge.

We note at the outset that the only question properly before this Court is whether the Industrial Commission had jurisdiction to consider plaintiff's claim for workers' compensation. By order of the full Commission, the initial hearing was limited to defendant's motion to dismiss for lack of jurisdiction. Given the limited scope of the hearing, it was patently improper for the deputy commissioner to find and conclude that plaintiff had suffered an injury arising from his employment with defendant. It was similarly improper for the full Commission, on appeal from the Opinion and Award of the deputy commissioner, to find and conclude that plaintiff had a compensable injury, regardless of its ruling with respect to jurisdiction. To hold otherwise would deny both parties their rights under the law. We therefore express no opinion as to the substantive merits of plaintiff's claim but limit our opinion to the question of whether the Industrial Commission had jurisdiction to consider the claim.

General Statute 97-24(a) reads:

The right to compensation under this article shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident.

It is well established in North Carolina law that timely filing of a claim for compensation is a condition precedent to the right to compensation. *Montgomery v. Horneytown Fire Dept.*, 265 N.C. 553, 144 S.E. 2d 586 (1965); *Barham v. Kayser-Roth Hosiery Co.*, 15 N.C. App. 519, 190 S.E. 2d 306 (1972). Under this construction, failure to file a claim in a timely fashion works a jurisdictional bar to the right to receive compensation. *McCrater v. Engineering Co.*, 248 N.C. 707, 104 S.E. 2d 858 (1958); *Barham v. Kayser-Roth Hosiery Co., supra; see also Polythress v. J. P. Stevens*, 54 N.C. App. 376, 283 S.E. 2d 573 (1981), *rev. denied*, 305 N.C. 153, 289 S.E. 2d 380 (1982) (construing a similar provision regarding occupational diseases). The general rule is that a jurisdictional bar cannot be overcome by consent of the parties, waiver or estoppel.

*Hart v. Motors,* 244 N.C. 84, 92 S.E. 2d 673 (1956); *Barham v. Kayser-Roth Hosiery Co., supra; Clodfelter v. Furniture Co.,* 38 N.C. App. 45, 247 S.E. 2d 263 (1978).

Nevertheless, plaintiff argues that, based on the facts of this case, the defendant is equitably estopped from asserting lack of jurisdiction as grounds for dismissing the case. Plaintiff bases this argument on the theory that defendant's actions amounted to false representations or concealment of material facts with the object of misleading him in order to avoid his filing of a claim for workers' compensation. In so doing, plaintiff attempts to bring himself within the fact situation contemplated by *Polythress v. J. P. Stevens, Clodfelter v. Furniture Co.,* and *Barham v. Kayser-Roth Hosiery Co.,* all *supra.* Those cases suggest that the jurisdictional bar created by a failure to file a timely claim may be overcome on a theory of equitable estoppel where facts indicate intentional deception of the employee by the employer.

*Hart v. Motors, supra,* is cited in the briefs of both parties and in subsequent cases for its articulation of the general rule with regard to cases like the one before us. *See, e.g., Clodfelter v. Furniture Co., Barham v. Kayser-Roth Hosiery Co.,* both *supra.* In *Hart,* plaintiff employee was compensated for his injury by defendant employer under a consent decree approved by the Industrial Commission. Plaintiff moved to set aside the decree on jurisdictional grounds, asserting that he was not an employee of defendant at the time of the injury. In considering that motion, the Supreme Court said:

> The North Carolina Industrial Commission has a special or limited jurisdiction created by statute, and confined to its terms. Viewed as a court, it is one of limited jurisdiction and it is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction over subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver, or estoppel.

*Hart v. Motors, supra* at 88, 92 S.E. 2d at 676.

*Hart* presents a factual situation and procedural posture that distinguish it from the present case but the rule pronounced is just as applicable. On the facts presented in *Hart,* the court found

no estoppel. In so doing, the court expressly left open the question of "whether under all circumstances a party to a proceeding of the Industrial Commission can, or cannot, be estopped to attack its jurisdiction over the subject matter. . . ." *Id.* at 89, 92 S.E. 2d at 677.

In this case, we find that the facts do not support the conclusion that defendant was equitably estopped from challenging the Industrial Commission's jurisdiction to hear plaintiff's claim. Plaintiff's reliance on defendant's promise to "take care of [his injury]" may have been reasonable in light of the circumstances *at the time.* However, the reasonableness of this reliance becomes suspect after nine years pass from the time when the promise was made with no indication that the promise will be honored. This alone would be enough to dissipate the effect of the alleged misrepresentation by defendant. In this respect, the findings made on review by the full Commission do not support the conclusions drawn.

Ordinarily, the findings of fact of the Industrial Commission are binding on appeal if supported by any competent evidence. *Gallimore v. Marilyn's Shoes,* 292 N.C. 399, 233 S.E. 2d 529 (1977); *Porterfield v. RPC Corp.,* 47 N.C. App. 140, 266 S.E. 2d 760 (1980). However, where a party challenges the jurisdiction of the Commission, the findings of fact are not conclusive and the reviewing court may consider all of the evidence in the record and make its own findings of fact. *Richards v. Nationwide Homes,* 263 N.C. 295, 139 S.E. 2d 645 (1965); *Askew v. Leonard Tire Co.,* 264 N.C. 168, 141 S.E. 2d 280 (1965); *Lucas v. Li'l Gen. Stores,* 289 N.C. 212, 221 S.E. 2d 257 (1976). With this in mind, we note that the deputy commissioner and the full Commission found that plaintiff, after leaving his job with defendant, consulted an attorney regarding compensation for his injury. This finding was based on uncontradicted testimony elicited from plaintiff on cross-examination by defendant. Although not found as a fact by either the deputy commissioner or the full Commission, the same uncontradicted evidence also shows that plaintiff consulted an attorney as early as June of 1972, three months after leaving his job which was approximately five months prior to the deadline for filing his claim. With these strong indications of the verity of the testimony and its obvious relevance, it is not clear why it was disregarded. This evidence affirmatively demonstrates that plaintiff was *no longer*

relying on whatever promises or representations had been made to him by defendant. The additional time, if any, to which plaintiff may have been entitled by virtue of his reliance on defendant's promise ran out long before he filed his claim for compensation, nearly ten and a half years from the date of his injury.

Finally, in its Opinion and Award, the Commission cites the cases of *Watkins v. Central Motor Lines,* 10 N.C. App. 486, 179 S.E. 2d 130, *rev'd on other grounds,* 279 N.C. 132, 181 S.E. 2d 588 (1971) and *Ammons v. Sneeden's Sons,* 257 N.C. 785, 127 S.E. 2d 575 (1962), in support of its conclusions regarding jurisdiction. Both of these cases involve G.S. 97-47, dealing with time limits for filing claims based on a change of condition. The time limit in G.S. 97-47 has been construed to be a statute of limitations and not a condition precedent to jurisdiction. *Gragg v. Harris and Son,* 54 N.C. App. 607, 284 S.E. 2d 183 (1981). Clearly, there is no analogy to be drawn between G.S. 97-47 and G.S. 97-24, the statute involved here. The Commission's interpretation of *Watkins* and *Ammons* is incorrect and defendant's reliance on those cases is misplaced.

We conclude that the Industrial Commission had no jurisdiction to consider plaintiff's claim and defendant's motion to dismiss should have been granted. Accordingly, the Opinion and Award of the full Commission must be reversed with instructions to remand the cause to the deputy commissioner for entry of an order granting defendant's motion.

Reversed and remanded.

Judges ARNOLD and PHILLIPS concur.