CARLTON J. PARKER, EMPLOYEE-PLAINTIFF v. THOMPSON-ARTHUR PAVING
COMPANY, EMPLOYER, AND CIGNA, CARRIER-DEFENDANTS

No. 8910IC1400

(Filed 2 October 1990)

**Master and Servant § 91 (NCI3d) — workers' compensation — estoppel
to assert time limitation for filing claim**

Defendant employer was equitably estopped from assert-
ing the two-year time limitation of N.C.G.S. § 97-24(a) as a
bar to plaintiff's claim for compensation for a shoulder injury
where plaintiff was injured on 8 December 1985; plaintiff im-
mediately reported his injury to his employer, and the employer
paid his medical bills following the accident and 1986 and 1987
medical bills incurred due to complications with his shoulder;
in a meeting between plaintiff and the employer's agent in
August 1987, still within the two-year period for filing a claim,
plaintiff advised the agent of his plans to have corrective
shoulder surgery in December 1987 during the employer's an-
nual winter layoff period; the employer's agent indicated that
the shoulder surgery proposed for December "would be fine"
but that concurrent hand surgery to repair a previous unrelated
injury would not be covered by workers' compensation; plain-
tiff was informed by the employer on 15 December 1987 that
workers' compensation would not pay for his surgery; and
plaintiff then filed a claim on 7 January 1988, nearly two months
after the time for filing had expired.

**Am Jur 2d, Workmen's Compensation §§ 489, 490.**

APPEAL by defendants from Opinion and Award of the In-
dustrial Commission entered 3 October 1989. Heard in the Court
of Appeals 23 August 1990.

Plaintiff seeks Workers' Compensation benefits for injuries
allegedly sustained in the course of his employment with defendant
employer on 8 December 1985.

At the time of his injury, plaintiff had been employed by de-
fendant Thompson-Arthur Paving Co. for about 20 years. He has
a ninth grade education. On 8 December 1985 he was adding oil
to his truck when he dropped the oil can into the engine and
in his attempt to retrieve the can he slipped, causing his body

PARKER v. THOMPSON-ARTHUR PAVING CO.

[100 N.C. App. 367 (1990)]

to fall into the engine and dislocating his shoulder. He reported his injury immediately to his employer. The employer paid plaintiff's medical bills following the accident and also paid his 1986 and 1987 medical bills which accrued due to complications with his shoulder. Plaintiff did not file a claim with the Industrial Commission, as required by G.S. § 97-24(a), during this time. In August, 1987, plaintiff saw his orthopedic surgeon, who recommended surgery on the shoulder. Plaintiff and his surgeon agreed that the surgery would be scheduled for the following December, during the time of year when the paving company was normally shut down for the winter season. On or about 13 August 1987, plaintiff met with his supervisor and Janet Moretz, the company safety director, and informed them of the planned surgery. In that meeting Moretz indicated that the shoulder surgery proposed for December "would be fine" but that concurrent hand surgery to repair an old injury unrelated to the shoulder would not be covered by Workers' Compensation. There was no discussion then as to payment of medical bills for the proposed shoulder surgery. On or about 10 December 1987, plaintiff informed Moretz that the shoulder surgery was scheduled for 21 December 1987. On 15 December 1987, Moretz and plaintiff's supervisor informed plaintiff that Workers' Compensation would not pay for his surgery. Plaintiff then filed a claim on 7 January 1988, nearly two months after the time for filing had expired.

In a hearing before the Industrial Commission, defendants alleged that the Industrial Commission does not have jurisdiction to hear plaintiff's claim because he did not file within two years of the accident as required by G.S. § 97-24(a). In a ruling affirmed by the Full Commission, Chief Deputy Commissioner Sellers held that the defendants were equitably estopped from asserting the two year time limitation as a bar to plaintiff's right to compensation. Defendants appeal.

*Ling & Farran, by Jeffrey P. Farran, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Clayton M. Custer, for defendant-appellants.*

JOHNSON, Judge.

Although defendants bring forth two issues, they are subsumed into one issue on appeal: whether the Industrial Commission erred in concluding: (a) that defendants are equitably estopped from

## PARKER v. THOMPSON-ARTHUR PAVING CO.

[100 N.C. App. 367 (1990)]

pleading the two year time limit for filing under G.S. § 97-24(a) as a bar to jurisdiction, and (b) that plaintiff detrimentally relied as a matter of law on statements of defendant's agent.

The jurisdiction of the Industrial Commission is limited by statute. *Letterlough v. Atkins*, 258 N.C. 166, 128 S.E.2d 215 (1962). "The right to compensation under [the Workers' Compensation Act] shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident." G.S. § 97-24(a). The two year limitation has repeatedly been held to be a condition precedent to the right to compensation and not a statute of limitations. *Montgomery v. Horneytown Fire Dept.*, 265 N.C. 553, 144 S.E.2d 586 (1965); *Weston v. Sears Roebuck & Co.*, 65 N.C. App. 309, 309 S.E.2d 273 (1983), *disc. rev. denied*, 311 N.C. 407, 319 S.E.2d 281 (1984); *Belfield v. Weyerhaeuser Co.*, 77 N.C. App. 332, 335 S.E.2d 44 (1985). A consequence of finding the timely filing of a claim to be a condition precedent is that the failure to do so becomes a jurisdictional bar to the right to receive compensation. *McCrater v. Engineering Co.*, 248 N.C. 707, 104 S.E.2d 858 (1958); *Barham v. Kayser-Roth Hosiery Co.*, 15 N.C. App. 519, 190 S.E.2d 306 (1972); *Weston v. Sears Roebuck & Co., supra.* The general rule is that a jurisdictional bar cannot be overcome by consent of the parties, by waiver or by estoppel. *Hart v. Motors*, 244 N.C. 84, 92 S.E.2d 673 (1956); *Clodfelter v. Furniture Co.*, 38 N.C. App. 45, 247 S.E.2d 263 (1978). Prior to the 1985 decision in *Belfield v. Weyerhaeuser Co., supra,* the question was unresolved whether "under all circumstances a party to a proceeding before the Industrial Commission can, or cannot, be estopped to attack its jurisdiction over the subject matter. . . ." *Hart v. Motors, supra.* In *Belfield v. Weyerhaeuser Co.* this Court faced the question squarely and held that a party could be equitably estopped from asserting the two year time limitation in G.S. § 97-24 as a bar to jurisdiction.

While *dicta* in *Weston v. Sears Roebuck & Co.* ("[Previous cases] suggest that the jurisdictional bar created by a failure to file a timely claim may be overcome on a theory of equitable estoppel where facts indicate intentional deception of the employee by the employer." *Weston v. Sears Roebuck & Co.* at 313, 309 S.E.2d at 276.) and the *Belfield* decision indicate that estoppel may be applied in compensation cases where intentional deception is found, the question remains whether estoppel may apply on facts which are less egregious.

## PARKER v. THOMPSON-ARTHUR PAVING CO.

[100 N.C. App. 367 (1990)]

"The law of estoppel applies in compensation proceedings as in all other cases." *Biddix v. Rex Mills*, 237 N.C. 660, 665, 75 S.E.2d 777, 781 (1953). The essential elements of estoppel are (1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts. The party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice. *In re Will of Covington*, 252 N.C. 546, 114 S.E.2d 257 (1960). In *Hawkins v. Finance Corp.*, 238 N.C. 174, 77 S.E.2d 669 (1953), our Supreme Court added the following language to the first element: "([c]onduct) . . . at least, which is otherwise than, and inconsistent with, those which the party afterwards attempts to assert." *Id.* at 177, 77 S.E.2d at 672.

This view of equitable estoppel was recently applied in *Meachum v. Board of Education*, 59 N.C. App. 381, 297 S.E.2d 192 (1982), *disc. rev. denied*, 307 N.C. 577, 299 S.E.2d 651 (1983). In *Meachum v. Board of Education*, plaintiff schoolteacher experienced severe medical problems which interfered with her teaching. She applied for and took disability retirement benefits on the recommendation of the school finance officer who assured her that "the retirement aspect was just a formality because the state regulations provide that the benefits stop automatically when one returns to work." *Id.* at 384, 297 S.E.2d at 193. However, when she attempted to return to work she was, for the first time, informed that disability retirement was tantamount to a resignation. Defendant's agents, at the time they made their assurances, were unaware that by taking retirement disability plaintiff would be adversely affecting her status as a career teacher. Plaintiff was similarly unaware of this and had made no attempt to investigate. The *Meachum* Court held that defendants were estopped to deny plaintiff her status as a "career teacher" where their assurances were reasonably calculated to convey to her the impression that filing for disability retirement benefits was a suitable option for her to pursue in her circumstances, this impression of the facts was wholly inconsistent with defendant's later assertion, and the conduct "conveyed the impression that plaintiff would not lose any status previously obtained despite the lack of an affirmative promise that plaintiff would be rehired." *Id.* at 386, 297 S.E.2d at 196. It was undisputed

that both plaintiff and defendants acted in good faith and that when defendants gave the assurances to plaintiff they were unaware of the true facts. In finding that defendants were estopped by their conduct, the *Meachum* Court relied on *Hamilton v. Hamilton*, 296 N.C. 574, 251 S.E.2d 441 (1979), where a plaintiff wife was allowed a claim of estoppel based on defendant husband's innocent, but misleading, representations and conduct. The *Hamilton* Court noted that "neither bad faith, fraud nor intent to deceive is necessary before the doctrine of equitable estoppel can be applied." *Hamilton v. Hamilton*, 296 N.C. at 576, 251 S.E.2d at 443. Furthermore, the Court quoted with approval:

> "[A] party may be estopped to deny representations made when he had no knowledge of their falsity, or which he made without any intent to deceive the party now setting up the estoppel. . . . [T]he fraud consists in the inconsistent position subsequently taken, rather than in the original conduct. It is the subsequent inconsistent position, and not the original conduct that operates to the injury of the other party."

*Id.* at 576-77, 251 S.E.2d at 443, *quoting* H. McClintock, Equity § 31 (2d ed. 1948).

We hold that under the facts of this case, defendants are estopped from asserting the two year time limit as a defense to plaintiff's claim. Plaintiff was injured on 8 November 1985. Defendant was immediately made aware of the injury. Defendant paid plaintiff's medical expenses in 1985, 1986 and 1987. In a face-to-face meeting between plaintiff and his employer's agent in August, 1987, still within the two year period for filing, plaintiff advised the agent of his plans to have corrective surgery in December, 1987, during the annual layoff period. The agent's response was that this "would be fine" but that the proposed concurrent surgery on the hand to correct a previous unrelated injury would not be covered by Workers' Compensation. The agent's verbal acquiescence to plaintiff's proposed surgery made in a face-to-face meeting, the fact that it was planned to occur at a future time which would be of benefit to both employer and plaintiff in terms of work schedule, and the specific reference to Workers' Compensation with regard to the hand, reasonably led plaintiff to believe that the surgery would be covered by Workers' Compensation. Defendant is estopped to now assert that it is not.

PARKER v. THOMPSON-ARTHUR PAVING CO.

[100 N.C. App. 367 (1990)]

Defendants are correct in their contention that mere payment of medical benefits does not constitute estoppel under G.S. § 97-24(a). *Biddix v. Rex Mills*, 237 N.C. 660, 75 S.E.2d 777 (1953); *Barham v. Kayser-Roth Hosiery Co.*, 15 N.C. App. 519, 190 S.E.2d 306 (1972). In the case *sub judice*, almost two years of voluntary medical benefit payments were made by the employer without controversy. This was followed by a conversation in which the employer's agent specifically advised plaintiff as to the nonapplication of Workers' Compensation to cover future surgery on his *hand* but in that same conversation remained silent with regard to coverage of the proposed concurrent *shoulder* surgery, which surgery was the specific subject matter of the conversation. Thus, while acquiescing in the future date of that surgery, which was planned for a date beyond the statutory period, defendant undertook to advise plaintiff with regard to Workers' Compensation coverage in such a way that plaintiff was misled to his detriment. This occurred at a time when plaintiff still could have complied with the statutory requirements for filing. A reasonable person in plaintiff's position would have inferred from this conversation that his shoulder surgery would be covered. It is not necessary to show, and we do not imply, that defendant was specifically aware, at the time of the conversation, that the surgery would occur outside the statutory period or that defendant deliberately tried to mislead plaintiff as to the coverage. *Hamilton v. Hamilton, supra.*

The award of the Industrial Commission is

Affirmed.

Judges PHILLIPS and PARKER concur.