N.C.G.S. § 97-24(a) provides that a claimant's right to seek Commission orders to pay compensation "shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident." (Emphasis mine.) Thus when a claimant fails to timely file, the contested case focuses on whether defendants are estopped from asserting the defense due to prior contrary assurances, and not whether or how people involved otherwise used the ubiquitous term "claim". Parker v.Thompson-Arthur Paving Co., 100 N.C. App. 367, 370,396 S.E.2d 626 (1990). The notice of the claim or request for hearing must be filed with the Commission by the employee. Whitted v.Palmer-Bee Co., 228 N.C. 447, 48 S.E.2d 109 (1948). Since the Deputy Commissioner's decision in this case, we have a precedent for the first time since Whitted in which defendants were barred from raising this defense without having overtly represented to the employee that the employer had filed on their behalf or that they would receive benefits without filing. Craver v. DixieFurniture Co., 115 N.C. App. 570, 447 S.E.2d 789 (1994). InCraver, the employee did not have enough lost time within the two year period to require a Form 21 agreement — approval of which would have established Commission jurisdiction — or a denial of cash benefits. The employer's plant nurse and human resources personnel handled plaintiff's medical needs and coordinated this with the compensation carrier so faithfully and efficiently that the plaintiff was lulled into inaction, assuming that she needed only to discuss her claim with them. Craver suggests that the employer in such circumstances must inform the employee of the filing requirement within the two-year period if it wants to preserve the right to raise the § 97-24 defense in any future dispute.
The Craver decision cites use of the term "claim" by defendants' personnel — referring to what attorneys would more precisely call plaintiff's "cause of action" — and such is a feature of the evidence in this case. However, the plaintiff here did not have the kind of trusting relationship with the employer and carrier that could have lulled him into inaction. The carrier paid some medical bills initially, but by May of 1989 — within three months following the accident — the carrier refused to pay any further medical bills for treatment of plaintiff's knee. Thus, he had notice that defendants would not voluntarily pay all that he sought. Nor did he behave as if he were lulled by the defendants' goodwill. Plaintiff refused to give a statement to the carrier's adjuster, even after being urged to cooperate by the Commission, because he "did not have legal advice". Tr. pp. 8, 15, 17 and 25-26.
Two steps toward ending this long stream of technical, procedural, and increasingly uncertain § 97-24 estoppel cases should be noted. Effective July 1, 1992, the Commission began requiring comp defendants to provide claimants with copies of filed Form 19 reports of injury, to which information for the employee, including notice of the filing requirement, had been added the prior fall. Secondly, the Workers' Compensation Reform Act of 1994 (S.B. 906) amended Chapter 97 to allow the Commission to hear a claim if the employee files within two years of the last payment of cash compensation, whether or not an agreement has been filed or a change of condition can be shown, applicable to claims pending on or filed after January 1, 1995; and, if the employer or carrier has paid only medical compensation, then additional medical compensation (only) may be sought if plaintiff files with the Commission within two years of the last payment, and the injury occurred on or after July 5, 1994. N.C.G.S. §§ 97-24(a),97-47.1, 97-2(19), 97-25.1; S.B. 906, Part XI, Section 11.1(f) and (g).
Judicial notice of the text of the Form 19 and the rules concerning its use is taken and used in adding the last sentence of Finding of Fact 4. See Official Commentary to N.C.R.Evid. 201 concerning notice of such "legislative facts". While there is no reason to believe filing this form, as it existed in 1989, would have affected plaintiff's actions, the statutory fine for failure to timely file is imposed.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties or their representatives, except to modify the Opinion and Award by additions to or of Findings of Fact 2, 3, 4 and 8, Conclusion of Law 4, and Award paragraph 2, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner and makes the following
FINDINGS OF FACT
1. Plaintiff, prior to February 13, 1989, had been employed by defendant-employer for a year-and-a-half as an installer. Plaintiff has continued to be employed by defendant-employer and its successor.
2. On February 13, 1989, plaintiff was climbing down a ladder when he fell and twisted his knee. Plaintiff reported this incident to Lynn McMahan, the plant manger. Plaintiff drove himself to the hospital and was subsequently seen on February 21, 1989 by Dr. de Perczel. Plaintiff continued to receive treatment from Dr. de Perczel through August, 1989 for this and subsequent reinjuries while off the job in May and August 1989. The defendant-carrier paid plaintiff's initial medical bills for the February 13, 1989 injury, but notified the plaintiff by letter that it refused to pay additional bills shortly after the May 8, 1989 injury.
3. Plaintiff did not file a Form 18 claim, a Form 33 request for hearing, nor any other written document with either the Industrial Commission or his employer within two years after the February 13, 1989 accident.
4. Plaintiff's employer prepared a Form 19 which was dated February 17, 1989; however, the Form 19 was not filed with the North Carolina Industrial Commission until February 18, 1991. The Form 19 did not include information for employees about the filing requirement of N.C.G.S. § 97-24(a) in 1989, and Commission rules did not require that a copy be furnished to the claimant until July 1, 1992. There is no reason to believe plaintiff would have been more likely to have filed a claim with the Commission had the Form 19 been timely filed in 1989.
5. Subsequent to plaintiff's injury on February 13, 1989, plaintiff had five or six communications with defendant-carrier, and defendant-carrier attempted to obtain a recorded statement from the plaintiff concerning his injury by accident, but the plaintiff refused to give a recorded statement. Defendant-carrier wrote at least one postcard to the plaintiff, advising him that they were trying to obtain a statement, and the North Carolina Industrial Commission wrote at least one letter to the plaintiff, indicating that he should contact defendant-carrier.
6. By a letter received in the North Carolina Industrial Commission May 13, 1991 in an envelope postmarked May 9, 1991, the plaintiff advised "we are still interested in pursuing this claim. I C. No. 114528. C.F. No. 8910155." That letter is the first written notification from the plaintiff to either his employer or to the Industrial Commission that he was filing a claim concerning his February 13, 1989 injury by accident.
7. Defendant-carrier paid medical bills for the plaintiff and filed a Form 28B with the North Carolina Industrial Commission, showing the payment of plaintiff's medicals. Plaintiff's Form 28B was dated August 1, 1991. On July 8, 1991, plaintiff filed a Form 33 requesting a hearing and requesting payment of compensation for days missed from work, medical expenses, permanent and partial disability, permanent and total disability, and scars.
8. Although a Form 18 was prepared only four days after the accident, and although plaintiff contends that the North Carolina Industrial Commission, through Martha A. Barr, Chief Claims Examiner, acknowledged the existence of a claim by reference to a "claim" in a letter dated June 28, 1991, and although medical bills were initially paid, there is no convincing evidence that the plaintiff was lulled into a false sense of security or otherwise detrimentally relied upon communications from or conversations with either his employer, the carrier or the North Carolina Industrial Commission so as to otherwise constitute the filing of a claim, or as to bar the carrier's and employer's defense under N.C.G.S. 97-24 that a claim was not filed by the claimant within two years following the accident.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. The requirement to file a claim in accordance with the provisions of N.C.G.S. 97-24 constitutes a condition precedent to plaintiff's right to compensation. Belfield v. Weyerhaeuser Co.,77 N.C. App. 332, 335 S.E.2d 44 (1985). The plaintiff's failure to file a timely claim deprives the Industrial Commission of jurisdiction. Reinhardt v. Women's Pavilion, Inc., 102 N.C. App. 83,401 S.E.2d 138 (1991).
2. There is no evidence that establishes that the defendants should be estopped from invoking the provisions of G.S.97-24.
3. Plaintiff's claim was not timely filed pursuant to the provisions of N.C.G.S. 97-24, and is therefor barred.
4. The defendants failed to timely file the Form 19 Report of Injury in violation of N.C.G.S. § 97-92(a).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim must under the law be and is hereby DENIED.
2. Defendants shall pay a penalty of $25.00 to the Commission for failure to timely file the employer's Report of Injury required by law. N.C.G.S. § 97-92(e).
3. Each side shall pay its own costs.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ __________________ FORREST H. SHUFORD, II DEPUTY COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER
JRW/tmd 1/18/95; 1/25/94