The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dillard. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at the time of the plaintiff's injury.
2. An employer/employee relationship existed at all relevant times.
3. A Form 22 was submitted regarding plaintiff's average weekly wage.
4. Plaintiff filed his form 18 and Form 33 regarding this claim on April 2, 1993.
5. The issues to be determined at the hearing were:
 (a) Whether plaintiff's claim was barred for his failure to file this claim within two years of his September 25, 1990 accident pursuant to G.S. 97-24(a); and
 (b) Whether the plaintiff's clavicle fracture which occurred on or about July 15, 1991 was a direct and natural result of the plaintiff's September 25, 1990 work related accident.
It was agreed by the parties that Deputy Commissioner Dillard would render an Opinion and Award on the issue of timely filing before the parties would be required to present any medical evidence on the issue of causation. Because the Deputy Commissioner found that plaintiff's claim was not timely filed pursuant to G.S. 97-24, there is no need to take any further medical evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was employed by the defendant/employer as a truck driver on September 25, 1990. On September 25, 1990 plaintiff injured his left shoulder when he fell out of a truck. Plaintiff reported this injury to defendant, but missed no time from work as a result of this injury. Plaintiff did not seek any medical attention until October 15, 1990, when he came under the care of Dr. Gary L. Kaplowitz. Dr. Kaplowitz treated plaintiff throughout October and November and referred employee to physical therapy. On November 16, 1990, Dr. Kaplowitz released plaintiff to return to unrestricted work.
2. Plaintiff continued to work following his release from Dr. Kaplowitz and did not return to Dr. Kaplowitz or any other physician for further treatment until he fractured his clavicle on July 15, 1991, while lifting a chair at home. Plaintiff reported the clavicle fracture to defendant and told the defendant that he felt the clavicle fracture was related to his original injury from September 25, 1990. Plaintiff was instructed by the defendant to file all of his medical bills related to the July 15, 1991 incident with his regular insurance, because the workers' compensation carrier would not voluntarily pay them. Approximately four to five weeks after the July 15, 1991 incident, plaintiff submitted his medical bills to the workers' compensation carrier. The plaintiff's claim was denied by the carrier on or about November 20, 1991.
3. On or about November 26, 1991, in response to the denial of his claim by the carrier, plaintiff retained D. Bernard Alston as counsel to represent his interests as a result of the September 25, 1990 injury and his alleged re-injury on July 15, 1991.
4. It was stipulated by the parties that the claimant filed a Form 18 on April 2, 1993. This was the first notice that plaintiff gave to the Commission that he was filing a claim as a result of his September 25, 1990 accident.
5. Plaintiff's July 15, 1991 incident, in which he fractured his clavicle, occurred at home, while lifting a chair. Therefore, plaintiff would only be entitled to workers' compensation benefits as a result of the fractured clavicle if he were able to establish that the fractured clavicle which occurred on July 15, 1991 was a direct and natural result of the September 25, 1990 accident. However, plaintiff did not file any claim with the Industrial Commission until April 2, 1992. Defendant, in a timely fashion, raised G.S. 97-24 as a jurisdictional defense to plaintiff's claim.
6. Plaintiff alleges that defendants should be estopped from raising N.C.G.S. 97-24 as a defense because he was led to believe that his claim was being taken care of. However, plaintiff has not presented any evidence that defendants acted in such a manner to provide plaintiff with an assurance that his rights were being protected or that everything was being taken care of for him by the defendants. Plaintiff was informed in the Fall of 1991 that his claim was denied. Shortly following this denial, plaintiff retained the services of an attorney to represent his interests in this matter. Therefore, there was at least some period of time between the July 15, 1991 incident and the running of the period of limitations on September 25, 1992 when the plaintiff would have been able to file his claim and could not have been relying on the actions of the defendant, since the claim had already been denied and plaintiff was represented by counsel.
7. In addition, in February and April of 1991, prior to plaintiff's July 15, 1991 accident, plaintiff continued to complain of left shoulder pain which he communicated to the defendant. The employer informed plaintiff that they did not want to get workers' compensation involved. Therefore, plaintiff could not reasonable have believed that his workers' compensation claim was being taken care of by defendants prior to July 15, 1991.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's claim for benefits under the North Carolina Workers' Compensation Act is barred due to the plaintiff's failure to file this claim with the Industrial Commission within two years of his September 25, 1990 accident. The two year limitation period is a condition precedent to the right of compensation and plaintiff's failure to timely file this claim creates a jurisdictional bar to the right to receive compensation. N.C.G.S. 97-24(a).
2. Plaintiff was not misled or coaxed into believing that his workers' compensation claim was being taken care of and therefore, defendants are not estopped from raising G.S. 97-24 as a defense in this matter. Parker v. Thompson-Arthur PavingCompany, 100 N.C. App. 367 396 S.E.2d 727 (1990).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation pursuant to the Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
 S/ _____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ JAMES J. BOOKER COMMISSIONER