The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Tamara R. Nance. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The defendant-employer regularly employed three or more employees.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Aetna Casualty and Surety Company was the compensation carrier on the risk.
4. The date of alleged injury was 27 July 1989.
5. Plaintiff's average weekly wage was $475.00.
6. Plaintiff filed a Form 33 Request for Hearing with the Industrial Commission on 19 January 1994.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 36 year old high school graduate. He was employed in construction doing warranty service work for defendant-employer in July 1989.
2. Plaintiff sustained an injury to his back as a result of a specific traumatic incident of the work assigned when he experienced the onset of back pain as he reached over to pick up his toolbox out of the back of his pickup truck.
3. Plaintiff reported the injury to his supervisor, who told him to go to the office and fill out a form. A Form 19 was completed by defendant-employer on 2 August 1989.
4. Prior to the expiration of the two-year period following the date of injury, plaintiff received physical therapy, chiropractic treatment, and treatment by Dr. Leroy Allen, including a CT-scan which revealed a bulging disc at L5-S1. Defendants paid all bills plaintiff incurred for this treatment. Defendants also referred plaintiff for a one-time evaluation by Dr. Venters on 5 September 1990.
5. Following the September 1990 visit, Dr. Venters prepared a report which concluded:
 "Patient seems to be doing well at this time. . . . He may continue to work full-time. I cannot ascertain any definite permanent partial impairment of his back at this time. However, I think that it is possible that he could have recurrent problems with the back in the future based on his CT scan and his past history of severe sciatica and I have instructed the patient that it could be anywhere from 1-2 years or an indefinite period of time before he had recurrence of symptoms and he may or may not in the future. This is very indefinite but I do believe it is quite possible that he will have recurrent problems with his lower back in the future. However, as long as he is doing as well as he is conservative measures are recommended."
This note basically summarizes the nature of the advice Dr. Venters gave plaintiff regarding his workers' compensation claim. Dr. Venters made no representation to plaintiff that Aetna would hold his claim open indefinitely and pay whatever medical bills he might incur in the future. Dr. Venters was not an agent of defendant and did not have authority to discuss with the plaintiff what workers' compensation benefits he might be entitled to. Dr. Venters merely advised plaintiff from a medical standpoint what future problems he might expect from his injury.
6. Plaintiff did not miss any compensable time from work within two years of the date of injury. Defendants only paid plaintiff's medical bills and did not pay plaintiff compensation. Defendants never represented to plaintiff that his claim had been accepted, that everything had been taken care of, that he did not have to file a claim with the Industrial Commission, or that they would pay all his medical bills indefinitely. Defendants did not have a course of dealing with plaintiff or other employees that might lead plaintiff to believe that they routinely take care of all matters pertaining to an injured worker's claim and that he therefore did not have to do anything.
7. When plaintiff next sought medical treatment some time after expiration of the two year period following the date of injury, defendants advised him they would no longer pay his medical bills because it was too late.
8. Plaintiff did not file a Form 18, Form 33 or Form 33B within two years of the date of injury, and therefore within that time nothing was filed by plaintiff which would have prompted filing of a denial letter by defendants pursuant to the rules of the Industrial Commission.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's claim for benefits is untimely under N.C. Gen. Stat.97-24. Neither a Form 18 nor Form 33, nor any other claim or notice of claim, were filed by the plaintiff within two years of July 27, 1989, the date of the accident.
2. By not filing a claim within the statutory period, plaintiff has not met a condition precedent to receiving compensation under the Workers' Compensation Act. G.S. 97-24; Reinhardt v. Womens' Pavilion, Inc.,102 N.C. App. 83, 401 S.E.2d 138 (1991).
3. The defendants are not estopped from denying this claim due to the failure of plaintiff to file it in a timely manner. Plaintiff has not presented evidence that he was "lulled into a false sense of security" by the defendants which would serve to estop the defendants from denying the claim. To prove estoppel, plaintiff must show that the employer or carrier mislead him into believing that he was going to receive benefits either through their actions or statements. Craver v. Dixie Furniture Company,115 N.C. App. 570, 447 S.E.2d 789 (1994). Although defendant Aetna did pay some of plaintiff's medical bills, case law holds that payment of the plaintiff's medical bills is not an admission of liability, does not estop the defendants from denying the plaintiff's claim which was filed more than two years after the accident, Abels v. Renfro Corp., 100 N.C. App. 367, 396 S.E.2d 626
(1990), and does not dispense with the necessity of filing a claim within two years of the date of the accident. Barham v.Keyser-Roth Hosiery Co., 15 N.C. App. 519, 190 S.E.2d 306 (1972).
4. Having failed to file a claim within the statutory period, the Commission is without jurisdiction. G.S. 97-24; Reinhardtv. Womens' Pavilion, Inc., 102 N.C. App. 83, 401 S.E.2d 138 (1991).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the former Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is hereby dismissed.
2. Each side shall pay its own costs.
 S/ ______________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING
S/ ______________________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________________ COY M. VANCE COMMISSIONER
DCS:bjp