**CRAVER v. DIXIE FURNITURE CO.**

[115 N.C. App. 570 (1994)]

CHRISTINE CRAVER, EMPLOYEE/PLAINTIFF v. DIXIE FURNITURE COMPANY, EMPLOYER, LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 9310IC815

(Filed 19 July 1994)

1. **Workers' Compensation § 357 (NCI4th)— time for filing claim—estoppel**

The Industrial Commission erred as a matter of law in concluding that defendants were not estopped from asserting N.C.G.S. § 97-24's time bar in opposition to plaintiff's claim where, through its system of dealing with employee injuries, Dixie Furniture conveyed to plaintiff the understanding that she would be compensated for her work-related accidents and consequent disability but Dixie Furniture's carrier ultimately denied coverage and plaintiff was informed after the expiration of the two-year time period for filing claims. Although Dixie Furniture may genuinely have thought plaintiff's injuries would be covered, plaintiff was misled to her detriment. Neither bad faith, fraud, nor intent to deceive is necessary before the doctrine of equitable estoppel can be applied.

**Am Jur 2d, Workers' Compensation §§ 542, 543.**

**Effect of fraud to toll the period for bringing action prescribed in statute creating the right of action. 15 ALR2d 500.**

2. **Workers' Compensation § 45 2 (NCI4th)— appeal—conclusions—jurisdiction**

A deputy commissioner's award was upheld where defendants argued that certain findings were supported by insufficient evidence and that the full Commission did not address the validity or correctness of the deputy commissioner's award, but the contentions as to the findings were unfounded and the full Commission reached its decision solely on the jurisdictional issue and want of jurisdiction was defendants' only asserted grounds for contesting the deputy commissioner's conclusions.

**Am Jur 2d, Workers' Compensation § 708.**

CRAVER v. DIXIE FURNITURE CO.

[115 N.C. App. 570 (1994)]

Appeal by plaintiff from opinion and award of the North Carolina Industrial Commission filed 13 April 1993. Heard in the Court of Appeals 18 April 1994.

*Michael A. Swann for plaintiff-appellant.*

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Stephen W. Coles for defendant-appellee.*

JOHN, Judge.

Plaintiff appeals an opinion and award of the North Carolina Industrial Commission (the Commission) dismissing her claim on grounds it was not filed within the two-year period set forth in N.C. Gen. Stat. § 97-24(a) (1991). In so ruling, a majority of the full Commission specifically rejected the Deputy Commissioner's determination that defendants were estopped by their conduct from asserting the statutory time bar, and that the Commission had jurisdiction of plaintiff's claim for compensation.

By six assignments of error, plaintiff contends the Commission erred by failing to adopt the Deputy Commissioner's award in its entirety. Against the contingency that we decide the estoppel issue in plaintiff's favor, defendants also bring forth six cross-assignments of error to the 10 July 1990 and 15 April 1991 opinions of Deputy Commissioner Garner. Under the circumstances of this case, we find only plaintiff's contentions persuasive.

The following factual and procedural information is undisputed: Plaintiff began employment with defendant Dixie Furniture Company (Dixie Furniture) in 1977. In 1985, her position was lead person in the "rough-in" room, a supervisory job which also required her to set up machinery and saws, "keep the wood pushed out," and handle certain billing matters. On 4 March 1985, plaintiff struck her right elbow on a "set-up bar." On 26 August 1985, she suffered a similar injury to her right wrist after hitting it on a "guide bar." Immediately following both incidents, plaintiff informed plant nurse Ann Barnes (Ms. Barnes). In each instance, Ms. Barnes applied ice to the affected area and made a notation regarding plaintiff's condition in the company's employee health record.

Plaintiff first sought outside medical attention for increasing pain and stiffness in her right arm and shoulder on 11 November 1986. After consultation with a series of physicians, her condition was eventually diagnosed in September 1987 as reflex sympathetic

**CRAVER v. DIXIE FURNITURE CO.**

[115 N.C. App. 570 (1994)]

dystrophy of her right arm. While allegedly conducting an investigation into the compensability of plaintiff's injuries, defendant Liberty Mutual Insurance Company (Liberty Mutual), Dixie Furniture's carrier, made several initial payments covering her medical expenses. Meanwhile, on 22 May 1987, another Dixie Furniture plant nurse named Janet Osborne (Ms. Osborne) submitted a Form 19 to the Industrial Commission describing the 4 March 1985 accident. Liberty Mutual ultimately denied coverage for plaintiff's injuries some time after expiration of the two-year statutory period, and plaintiff subsequently filed a request for hearing with the Commission on 24 February 1989.

The hearing was conducted on 30 March 1990 and 6 April 1990. Per the parties' request, Deputy Commissioner Edward Garner, Jr. thereafter issued an opinion and order limited to the issue of the Commission's jurisdiction to hear plaintiff's claim. Pertinent findings of fact contained therein are as follows:

1. On March 4, 1985, the plaintiff sustained an injury by accident arising out of and in the course of her employment when she struck her right elbow on a set-up bar. The accident was reported to the company nurse who made an entry in the employee health record. At that time the nurse noted a small reddened area, but no bruising or swelling. She applied ice to the injury, then saw the plaintiff again on March 6, 1985, at which time she checked the right elbow and found fading discoloration, but no lump.

2. On August 26, 1985, the plaintiff sustained another injury by accident arising out of and in the course of her employment when she hit her right wrist on a guide bar. This was reported to the plant nurse who applied ice and an ace wrap. The nurse noted no discoloration, but noted that the wrist was slightly puffy.

3. The plaintiff did not seek medical treatment until November 11, 1986, when she saw Dr. Karl Bolstad, who also saw her on November 25, 1986; December 2, 1986; and April 3, 1987. Thereafter, the plaintiff was treated by Dr. Joseph Nicastro on June 18, 1987; July 16, 1987; and August 11, 1987. She was eventually referred to Dr. Gary Poehling and saw him on September 15, 1987. Dr. Poehling diagnosed a reflex sympathetic dystrophy of her right arm.

4. On November 11, 1986, Dr. Bolstad treated plaintiff and filled out a standard registration form in which he indicated that

CRAVER v. DIXIE FURNITURE CO.

[115 N.C. App. 570 (1994)]

plaintiff got hurt on the job. Plaintiff gave this form to the plant nurse when she returned to work. Plaintiff also paid Dr. Bolstad for the treatment rendered and submitted the bills to the plant nurse according to company policy. The plant nurse was fully aware that plaintiff was receiving medical treatment from Dr. Bolstad for the job-related injury.

5. Plaintiff discussed her injury with Mr. Bob Wood, Director of Health Safety, and he told her to have it covered by workers' compensation. Mr. Wood also told the company's personnel manager that it should be a compensable claim.

6. On June 4, 1987, Dr. Bolstad received a check from Liberty Mutual Insurance Company in the amount of $105.50 to cover plaintiff's medical expenses.

7. The plant nurse knew the procedure for filing workers' compensation claims, and the employees, including the plaintiff, relied on her for such services.

8. When plaintiff was out of work, the defendant-employer carried her on the company records as if she was on workers' compensation leave.

9. Although the defendant-employer was aware of plaintiff's medical condition, it did not file a Form 19 with the Industrial Commission until May 22, 1987.

10. Although the defendant-carrier was paying medical expenses and had advised Dr. Bolstad that the claim was being investigated, it first contacted the plaintiff in January of 1988, when Steve Cowherd, an adjuster, took a recorded interview from the plaintiff.

11. Although the defendant-employer and the defendant-carrier had knowledge of plaintiff's claim, compensation was not officially denied until after the statute of limitation had run.

12. The plaintiff did not file a claim for compensation with the Industrial Commission until she filed a request that the claim be assigned for hearing through her attorney on or after February 24, 1989, which was more than two years after the two accidents.

13. The conduct of both the plant nurse whom the plaintiff relied on for workers' compensation advice, and the defendant-carrier misled the plaintiff and lured her into a false sense of

CRAVER v. DIXIE FURNITURE CO.

[115 N.C. App. 570 (1994)]

security about her claim until after the statute of limitation had run.

Based upon the foregoing, Deputy Commissioner Garner reached the following conclusions of law:

1. The plaintiff sustained an injury by accident arising out of and in the course of her employment on March 4, 1985 and on August 26, 1985.

2. The plaintiff did not file a claim within two years of either accident as required by G.S. § 97-24(a).

3. The employer and carrier did lure the plaintiff into a false sense of security and caused her not to file a claim with the North Carolina Industrial Commission and are estopped from pleading the statutory bar of G.S. § 97-24(a).

4. The North Carolina Industrial Commission has jurisdiction to hear this case.

The parties were allowed sixty (60) days in which to submit additional evidence by way of medical records and/or medical depositions. At the conclusion of that time, Deputy Commissioner Garner entered a second opinion and award on 15 April 1991, which incorporated by reference the 10 July 1990 opinion and order. Included in this second opinion were the following additional findings of fact:

2. The plant nurse of defendant-employer was responsible for assisting employees in filing workers' compensation claims. The nurse had a workers' compensation information bulletin, and this bulletin was never given to the employees. Specifically the plaintiff was never given a copy of this bulletin.

3. Mr. Robert Craven, personnel manager, stated at the hearing that the plant nurse would take care of filing workers' compensation claims for the employees. He also thought this claim was compensable.

4. Ms. Ann Barnes, plant nurse, stated at the hearing that the employees relied on the plant nurse as to what course of action to take in workers' compensation matters.

. . . .

6. On November 7, 1989, plaintiff was rated by Dr. Gary G. Poehling as having a 75 percent permanent partial impairment to

CRAVER v. DIXIE FURNITURE CO.

[115 N.C. App. 570 (1994)]

the right arm. Prior to rating plaintiff, Dr. Poehling administered two objective tests. . . . Dr. Poehling also found that plaintiff had loss of strength and endurance in her right arm and also loss of sensation in her index finger and thumb which essentially causes her to have what he described as a "blind hand". Plaintiff cannot feel what she is picking up with the thumb and index finger . . . .

7. On February 26, 1990, plaintiff was rated by Dr. Vincent E. Paul. . . . [A]fter Dr. Paul looked over what the tests done by Dr. Poehling have shown, he amended his decision and increased his permanent partial impairment rating to 50 percent. Both doctors agree that plaintiff is not totally disabled and she can do some sort of work . . . .

8. As a result of plaintiff's injury by accident, she has suffered a 75 percent permanent partial impairment of the right arm.

Deputy Commissioner Garner then concluded as a matter of law:

2. Plaintiff is entitled to compensation at the rate of $180.00 per week for 180 weeks for the 75 percent permanent partial impairment she sustained to her right arm as a result of her injury by accident. G.S. 97-31(13).

3. Plaintiff is entitled to temporary total disability benefits for all time missed from work from the date of injury by accident up to and including February 29, 1988. Plaintiff is not entitled to temporary disability benefits after February 29, 1988, because [defendant] offered her a job and she refused to even attempt to do said job.

Defendants thereafter appealed to the full Commission pursuant to N.C. Gen. Stat. § 97-85 (1991), contending *inter alia* that certain findings of fact contained within the two opinions were unsupported by evidence, that the conclusions of law with respect to estoppel were erroneous, and that the Commission lacked jurisdiction to enter an award because plaintiff's claim was not brought within the two-year time bar established in G.S. § 97-24(a).

On 13 April 1993, a majority of the full Commission entered an opinion and award providing:

WHEREFORE, the hearing Commissioner's Opinion and Award is affirmed and adopted, excluding Finding of Fact #13, Conclusions of Law #3 and #4, and the Order, which are replaced as follows:

CRAVER v. DIXIE FURNITURE CO.

[115 N.C. App. 570 (1994)]

CONCLUSIONS OF LAW

3.  The employer is not estopped from raising G.S. § 97-24(a) as a bar to plaintiff's claim, and the Commission is without jurisdiction to award compensation for her injury.

ORDER

Plaintiff's claim must be, and hereby is, DISMISSED.

Deputy Commissioner J. Harold Davis dissented therefrom, writing separately:

The Workers' Compensation Act is to be liberally construed to effectuate the broad intent of the Act to provide compensation for employees sustaining an injury arising out of and in the course of the employment, and no technical or strained construction should be given to defeat this purpose.

The plant nurse testified at the hearing that the employee relied on her to handle all workers' compensation claims. Therefore, when plaintiff reported the injury by accident to the plant nurse, she thought that was all [that was] required of her. The plant nurse had in her possession a workers' compensation manual, but never provided workers' compensation information to the employees. The personnel manager also testified that the plant nurse would "*take care of*" filing workers' compensation claims for employees. This was a company policy and all employees relied on this policy, and in the case of the plaintiff, she relied on it to her detriment.

It is also well established that "**the law of estoppel applies in worker's compensation proceedings as in all other cases**", and an employer, by his conduct, may waive[] the time for filing a claim. . . . .

In this case, plaintiff did not have the means to understand any written material on the Workers' Compensation Act; the company provided none. She was injured on the job, verbally responded to it, and sought and obtained treatment. The company took care of all her needs in reference to her claim until after the two year statute [expired], then they "*pulled the rug out from under her.*"

**CRAVER v. DIXIE FURNITURE CO.**

[115 N.C. App. 570 (1994)]

I.

[1]  Each of plaintiff's six assignments of error (subsumed into three arguments in her appellate brief) concerns itself with the single issue of whether or not defendants are equitably estopped from asserting G.S. § 97-24(a) as a defense to her claim. Specifically, plaintiff contends the majority of the full Commission erred by rejecting Deputy Commissioner Garner's finding of fact #13 and conclusions of law #3 and #4 and replacing them with its own conclusion # 3. She further alleges the majority's determinations contained within conclusion #3—that defendants were *not* estopped to raise G.S. § 97-24(a) as a bar to her claim, and that the Commission was without jurisdiction to compensate plaintiff for her injuries, represent errors of law because the Deputy Commissioner's findings expressly adopted by the Commission compel a contrary conclusion.

As defendants correctly observe, upon review of a Deputy Commissioner's award, the full Commission's powers are plenary. *See* G.S. § 97-85; *see also, e.g., Hobgood v. Anchor Motor Freight*, 68 N.C. App. 783, 785, 316 S.E.2d 86, 87 (1984). The full Commission is not bound by the Deputy Commissioner's findings of fact, *Robinson v. J.P. Stevens*, 57 N.C. App. 619, 627, 292 S.E.2d 144, 149 (1982); upon consideration of the evidence, it may "adopt, modify, or reject" his findings, and is free to make its own determinations regarding the weight and credibility of the evidence. *Hollar v. Furniture Co.*, 48 N.C. App. 489, 497, 269 S.E.2d 667, 672 (1980) (citations omitted).

Furthermore, upon subsequent appeal to this Court, the findings of fact reached by the full Commission are "conclusive and binding," so long as supported by any competent evidence. N.C. Gen. Stat. § 97-86 (1991); *see also, e.g., Weston v. Sears Roebuck & Co.*, 65 N.C. App. 309, 314, 309 S.E.2d 273, 276 (1983), *disc. review denied*, 311 N.C. 407, 319 S.E.2d 281 (1984); our review is limited to the discovery and correction of errors of law. *See, e.g., Godley v. County of Pitt*, 306 N.C. 357, 359-60, 293 S.E.2d 167, 169 (1982).

However, findings of *jurisdictional* facts are not conclusive on appeal, even when supported by competent evidence, and upon challenge to the Commission's jurisdiction, we may consider all evidence in the record and reach an independent determination. *See Patterson v. Parker & Co.*, 2 N.C. App. 43, 45, 162 S.E.2d 571, 572 (1968); *Weston*, 65 N.C. App. at 314, 309 S.E.2d at 276 (citations omitted).

We begin by noting that should the doctrine of estoppel not be applicable to the circumstances of this case, plaintiff's claim (con-

cededly filed more than two years after the incidents giving rise thereto) must fail. The relevant statute provides:

> (a) The right to compensation under this Article shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident.

G.S. § 97-24(a). Our cases have consistently held this two-year period to be a condition precedent (as opposed to a statute of limitation) to an injured worker's right to compensation. *See, e.g., Parker v. Thompson-Arthur Paving Co,* 100 N.C. App. 367, 369, 396 S.E.2d 626, 628 (1990) (citations omitted). Plaintiff's failure to file her claim in a timely fashion, therefore, raises a jurisdictional obstacle to that claim. *Id.* Moreover, the general rule is that such a jurisdictional bar cannot be overcome by consent, waiver, or estoppel. *Id.*

However, our decisions have also acknowledged that the Workers' Compensation Act "requires liberal construction to accomplish the legislative purpose of providing compensation for injured employees." *See, e.g., Belfield v. Weyerhaeuser Co.,* 77 N.C. App. 332, 335, 335 S.E.2d 44, 46 (1985) (citation omitted). In addition, we have enunciated a rule to the effect that, in an attempt to achieve the overriding legislative purpose, "equitable estoppel may [be used to] prevent a party from raising the time limitation of G.S. 97-24 to bar a claim." *Id.* at 337, 335 S.E.2d at 47; *see also Parker,* 100 N.C. App. at 369-72, 396 S.E.2d at 628-30. In *Belfield,* we quoted with approval the following language from a respected treatise:

> The commonest type of case is that in which a claimant, typically not highly educated, contends that he was lulled into a sense of security by statements of employer or carrier representatives that "he will be taken care of" or that his claim has been filed for him or that a claim will not be necessary because he would be paid compensation benefits in any event. When such facts are established by the evidence, the lateness of the claim has ordinarily been excused.

*Belfield,* 77 N.C. App. at 336, 335 S.E.2d at 47 (quoting 3 A. Larson, *The Law of Workmen's Compensation,* § 78.45, at 15-302 through 15-305 (1983)).

Upon review of all the evidence, we conclude that the case *sub judice* comes within the purview of those circumstances in which application of the doctrine of equitable estoppel is appropriate. Findings adopted by a majority of the full Commission, for example, indi-

## CRAVER v. DIXIE FURNITURE CO.

[115 N.C. App. 570 (1994)]

cate that after being injured in the performance of her job, plaintiff reported directly to the plant nurse, Ms. Barnes. Dixie Furniture employed several plant nurses, whose job duties included keeping employee health records and examining employees injured at work. These nurses had access to an explanatory bulletin concerning workers' compensation procedures, and they were "responsible for assisting employees in filing workers' compensation claims." Employees (including plaintiff) relied on the plant nurses to decide as a preliminary matter which course of action to take when an injury was sustained (*i.e.*—whether to pursue workers' compensation or insurance/health benefits); as Ms. Barnes stated at the hearing, she served as "kind of . . . a go-between [between] the insurance company and the [employees]." Testimony from various other supervisory personnel indicated that they also not only felt that plant nurses routinely "took care of" filing workers' compensation claims for employees, but that plaintiff's injury was compensable.

Substantial evidence presented at the hearing (reflected in large part in the Commission's adopted findings of fact) supports plaintiff's avowal that she believed coverage for her injuries was assured by Dixie Furniture, and that Dixie Furniture itself was operating under the assumption plaintiff's injuries were compensable. To illustrate, when plaintiff's medical care necessitated absence from work, she was carried on Dixie Furniture's records as if she were on workers' compensation leave (as opposed to "sick leave"). Additionally, after receiving treatment for pain and stiffness in her right arm in November 1986, plaintiff returned the physician's standard registration form to Ms. Barnes; she also submitted all of her medical bills to the plant nurse. Moreover, during the time Liberty Mutual was investigating the compensability of plaintiff's claim, it made several medical payments on her behalf (between 4 June 1987 and September 1988). While payment of medical benefits alone does not constitute estoppel for purposes of G.S. § 97-24(a), *Barham v. Hosiery Co.*, 15 N.C. App. 519, 521, 190 S.E.2d 306, 308 (1972), this action by Liberty Mutual constitutes neither the sole nor even the primary basis for plaintiff's assertion of estoppel in the case *sub judice*.

In light of all the circumstances, we hold plaintiff was indeed "lulled into a [false] sense of security" by the plant nurses of defendant Dixie Furniture, whose actions and statements would reasonably have led plaintiff to believe her claim was compensable. *See Parker*, 100 N.C. App. at 371, 396 S.E.2d at 629-30. Through its system of dealing with employee injuries, Dixie Furniture conveyed to plaintiff the

understanding she would be compensated for her work-related accidents and consequent disability. However, Dixie Furniture's carrier ultimately, in the words of Commissioner Davis, "pulled the rug out from under her," and denied coverage of plaintiff's claim. Significantly, she was informed of this substantially after expiration of the two-year time period.

Although Dixie Furniture may genuinely have thought plaintiff's injuries would be covered by Liberty Mutual, "neither bad faith, fraud nor intent to deceive is necessary before the doctrine of equitable estoppel can be applied." *Hamilton v. Hamilton*, 296 N.C. 574, 576, 251 S.E.2d 441, 443 (1979) (citation omitted). The basis for effecting estoppel is "the inconsistent position subsequently taken, rather than in the original conduct." *Id.* Plaintiff was misled to her detriment, and it is precisely under such circumstances that this Court has determined application of the doctrine of equitable estoppel to be appropriate.

We therefore hold the majority of the full Commission erred as a matter of law in concluding, based upon the findings it adopted as its own from Deputy Commissioner Garner's opinion, that defendants were not estopped from asserting G.S. § 97-24's time bar in opposition to her claim. Accordingly, although plaintiff's claim was not timely filed, the Commission had jurisdiction to hear it and enter an award thereon.

## II.

[2] In the event we were to rule, as we have, in plaintiff's favor on the estoppel issue, defendants have brought forth six cross-assignments of error to the 10 July 1990 and 15 April 1991 opinions rendered by Deputy Commissioner Garner. Specifically, defendants argue insufficient evidence supports certain findings of fact contained within those opinions. We have reviewed each of these contentions carefully and find they are unfounded.

Defendants further observe accurately that because the full Commission reached its decision solely on the jurisdictional issue (which was the subject of the 10 July 1990 opinion), it did not address the validity or correctness of Deputy Commissioner Garner's 15 April 1991 opinion and award. Defendants also therefore broadly cross-assign as error the conclusions of law contained in the 15 April 1991 award. However, before the full Commission and again before this Court, the only basis offered for assigning these conclusions of law as

error is that the Commission lacked jurisdiction over the case. As we have determined the Commission indeed had jurisdiction to consider plaintiff's claim, and want of jurisdiction was defendants' only asserted grounds for contesting the Deputy Commissioner's conclusions with respect to plaintiff's injury or right to compensation, we uphold in all respects Deputy Commissioner Garner's award entered 15 April 1991.

For the foregoing reasons, we reverse the Opinion and Award of the full Commission, and remand this case for entry of an opinion and award upholding the Opinion and Award of Deputy Commissioner Garner filed 15 April 1991.

Reversed and remanded.

Judges WELLS and JOHNSON concur.

Judge WELLS concurred prior to 30 June 1994.