The deputy commissioner dismissed plaintiff's claim for benefits under the North Carolina Workers' Compensation Act, alleging that the Industrial Commission lacked jurisdiction because plaintiff filed his claim four and a half years after he sustained an injury by accident arising out of and in the course of his employment. It is well-established that to confer jurisdiction on the Industrial Commission, a claimant must file a claim, or, a Form 18, within two years of his alleged injury by accident. See Reinhardt v. Women's Pavilion, Inc.,102 N.C. App. 83, 401 S.E.2d 138 (1991); N.C.G.S. § 97-24. However, the doctrine of equitable estoppel can, in some circumstances, work to bar the defense from asserting the two year time limit established under N.C.G.S. § 97-24. The test is whether the plaintiff "detrimentally relied" on the actions of the defendant; essentially, whether the plaintiff was "lulled into a false sense of security" that the claim was compensable and was being taken care of by the defendant. Parker v. Thompson-Arthur Paving Co.,100 N.C. App. 367, 396 S.E.2d 626 (1990).
The Court of Appeals recently reaffirmed the estoppel doctrine as applied to a workers' compensation situation. Craverv. Dixie Furniture Co., 115 N.C. App. 570, 447 S.E.2d 789 (1994). In Craver, the employees of defendant-employer relied on several plant nurses to give them information and advice on workers' compensation issues and potential claims. The plaintiff in Craver
received medical treatment paid for by defendants, and she was carried on defendant-employer's records when she had to miss work, as opposed to being put on "sick leave." Plaintiff returned the physician's registration form to the plant nurse and submitted all medical bills to the nurse. The Court held that "[t]hrough its system of dealing with employee injuries, Dixie Furniture conveyed to plaintiff the understanding she would be compensated for her work-related accidents and consequent disability." Craver,115 N.C. App. at 579-80.
In the case presently before us, plaintiff's counsel was not permitted to introduce testimony or evidence of any kind pertaining to the estoppel issue. In her statements to the deputy commissioner, plaintiff's counsel raised arguments that hinted that had evidence been presented on the issue, the record would show that plaintiff indeed relied to his detriment on the actions of defendant and it was because of this reliance that he did not file his own workers' compensation claim. Without evidence one way or another, it is impossible for the Industrial Commission to ascertain whether the equitable estoppel doctrine applies. Because the plaintiff raised allegations of detrimental reliance, and because it is clear that the doctrine applies in the workers' compensation arena, it constituted error on the part of the deputy commissioner to refuse to take such evidence in this case.
* * * * * * * * * * *
Based upon the case law as cited above, and for good cause shown, the April 25, 1994 Opinion and Award is HEREBY REVERSED AND REMANDED to a deputy commissioner for a new hearing, consistent with this opinion and the reasons set forth herein.
This the ___________ day of ____________________, 1995.
 S/ ____________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ____________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________________________ DIANNE C. SELLERS COMMISSIONER
JJB:alp 1/30/95