The parties and counsel in this case are entitled to an explanation as to why this Opinion and Award is being filed some many months following the Full Commission hearing of the matter on November 30, 1993. The delay in filing this case was occasioned by the decision of the sitting commissioner who was originally assigned to draft the opinion to reconsider his original vote and to therefore advocate a different position. Accordingly, this situation necessitated the reassignment of the case to another commissioner to draft the opinion in accordance with the original vote, which the two remaining commissioners still advocated. This document is a result of this reassignment.
* * * * * * * * * * *
The question presented in the case before the Full Commission is whether the defendants are equitably estopped from asserting the two-year statute of limitation for filing a claim pursuant to N.C.G.S. § 97-24. Under that statute, it is a condition precedent to plaintiff's right for compensation that she file a claim within two years after the accident. It is undisputed in the present case that plaintiff did not do so. However, plaintiff asserts that she was "lulled into a false sense of security" that her claim was compensable and that it was being taken care of by defendants. In short, plaintiff asserts that the doctrine of equitable estoppel applies, and that the deputy commissioner erred by dismissing her claim for lack of jurisdiction. Upon review of the facts herein and the applicable case law, we agree.
The North Carolina Court of Appeals recently reaffirmed the doctrine of equitable estoppel as applied to a workers' compensation situation. Craver v. Dixie Furniture Co., 115 N.C. App. 570,447 S.E.2d 789 (1994). The facts as presented in theCraver case led the Court of Appeals to determine and hold that "[t]hrough its system of dealing with employee injuries, Dixie Furniture [defendant-employer] conveyed to plaintiff the understanding she would be compensated for her work-related accidents and consequent disability." Craver,115 N.C. App. at 579-80. In other words, the plaintiff in Craver relied to her detriment on the actions of defendant and was, in fact, "lulled into a false sense of security" that her claim was compensable and was being taken care of by defendant there. See, e.g., Parker v.Thompson-Arthur Paving Co., 100 N.C. App. 367, 396 S.E.2d 626
(1990) (setting forth the test to determine whether the equitable estoppel doctrine applies).
The pertinent facts of the present case are as follows: Plaintiff's injury occurred on July 14, 1988, which she reported to her supervisor shortly thereafter, and she later submitted an incident report on the incident. Defendant-employer's employee handbook states that if an employee suffers an injury on the job, he or she should "report it immediately to [the] supervisor so prompt medical attention can be given and proper claims filed." (emphasis added). Therefore, all plaintiff did was notify her supervisor, which is exactly what plaintiff did when she had a previous workers' compensation-related injury. She had no reason to suspect she would or should follow another course this time.
In this instance plaintiff received medical treatment through personnel health. Furthermore, plaintiff testified that several people in personnel health informed her that her injury was being covered by workers' compensation. Sometime later plaintiff was referred to another physician, and she was given a sealed envelope to take with her to the appointment. Plaintiff opened the envelope (which, incidentally, was entirely within her rights), and found inside a "Compensation Approval" form which certified that she "was injured on the job and is covered with Workman's [sic] Compensation," and that all bills should be sent to defendant-carrier.
Furthermore, it was not until August 1990 when plaintiff first began to suspect her claim was not going to be covered under workers' compensation. At this time she personally received a medical bill after a doctor's visit, which was not customary procedure for a workers' compensation claim. However, when plaintiff sought the counsel of defendant-employer's risk management specialist, she was informed that the bill would be taken care of, and the specialist forwarded the bill to the insurance company on the risk for defendant-employer's workers' compensation coverage. Plaintiff never received a detailed statement of denial of the claim by the carrier. When she finally became aware that her claim had been denied, plaintiff filed a Form 18 with the Industrial Commission on September 17, 1991.
Our review of the facts in the present case leads us to the conclusion that Craver is on point and that the equitable estoppel doctrine applies herein. Therefore, the defendants here should be estopped from asserting the time bar of N.C.G.S. § 97-24. Accordingly, the Full Commission finds that the Industrial Commission has the proper jurisdiction to hear plaintiff's claim.
* * * * * * * * * * *
Based upon the applicable case law as cited above, and for good cause shown, the June 23, 1992 Opinion and Award is HEREBY REVERSED AND REMANDED to a deputy commissioner for additional proceedings consistent with this opinion and the reasons set forth herein.
This the __________ day of __________________, 1995.
 S/ _________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
DISSENTING
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
JJB:alp 1/31/95