WALL v. MACFIELD/UNIFI

[131 N.C. App. 863 (1998)]

———————————

VIRGINIA WALL, Employee, Plaintiff v. MACFIELD/UNIFI, Employer, and AETNA CASUALTY & SURETY COMPANY, Carrier, Defendants

COA98-285

(Filed 29 December 1998)

## 1. Workers' Compensation— claim—time for filing

The Industrial Commission appropriately determined that a workers' compensation claim was barred by N.C.G.S. § 97-24 where plaintiff was injured in August 1991 and did not file her claim until October 1995. N.C.G.S. § 97-24's requirement of filing a claim within two years of the accident is not a statute of limitation, but a condition precedent to the right to compensation.

## 2. Workers' Compensation— estoppel—jurisdictional bar

Defendants in a workers' compensation action were not equitably estopped from asserting the jurisdictional bar in N.C.G.S. § 97-24 where defendant employer never told plaintiff that it would file her workers' compensation claim and, in fact, told her that it would deny any claim she filed. Although a jurisdictional bar generally cannot be overcome by consent, waiver, or estoppel, plaintiff here was not lulled into a false sense of security.

Appeal by plaintiff from opinion and award entered 9 January 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 October 1998.

WALL v. MACFIELD/UNIFI

[131 N.C. App. 863 (1998)]

Plaintiff worked for defendant, Macfield, as a texturing operator from 1980 until 1 November 1993. In 1985, plaintiff injured her back at work. Plaintiff injured her back again in 1987 and in August 1991. During August 1991, plaintiff was "doffing" a machine at work, bent over to pick up a package and felt a sharp pain in her back. Plaintiff claimed she called her supervisor at work the next day and reported the incident; however, her supervisor denied that plaintiff ever notified him of her injury. Ms. Roberson, the plant nurse, testified that plaintiff never reported to her that she injured herself at work at anytime in 1991. Ms. Roberson reviewed plaintiff's personnel file and although it contained several completed accident reports for prior incidents, there was no evidence that plaintiff ever reported a work injury at any time in 1991.

Plaintiff claimed she went to see Dr. Knowlton, the Unifi company doctor, the day after her 1991 injury and that he treated her. However, Dr. Knowlton's office records only show that he saw plaintiff in 1984 and 1985, not in 1991.

The office notes of Dr. Harkins, an orthopedic doctor, establish that he saw plaintiff on 14 June 1991 (before her alleged injury at work in August 1991) for back, buttock, hip and leg pain that she had experienced for a week. Moreover, on 27 August 1991, plaintiff went to Cobb Chiropractic Clinic for back pain. On the "Patient Case History" form, plaintiff checked that her back pain was not "an Industrial Accident Case" and plaintiff stated that she had been experiencing back pain for about two months.

Plaintiff applied for and received $3,119.99 in disability benefits under Unifi's group disability policy. Ms. Becky Martin, Unifi's health care plan representative who filed plaintiff's disability claim, testified that there was no indication in plaintiff's medical records or in conversations with plaintiff that her injury was work related. Plaintiff's disability benefits were terminated in 1995 after Dr. Borkto, Aetna's doctor, indicated that she would be able to do some type of sedentary work.

In October 1995, plaintiff filed a workers' compensation claim using a Form 18 which gave defendant employer notice of plaintiff's back injury. Plaintiff conceded that her Form 18 was the first written notice that plaintiff had given defendant about her injury. The defendant denied the claim on 20 February 1996.

WALL v. MACFIELD/UNIFI

[131 N.C. App. 863 (1998)]

The deputy commissioner awarded plaintiff benefits. The Full Commission reversed the deputy commissioner and found that plaintiff's claim was barred by G.S. 97-24. Plaintiff appeals.

*Gray, Newell & Johnson, L.L.P., by Angela Newell Gray, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Clayton M. Custer and Lawrence B. Somers, for defendant-appellees.*

EAGLES, Chief Judge.

[1] First we consider whether the Full Commission erred in reversing the deputy commissioner's award to plaintiff and concluding that plaintiff's claim was time barred under G.S. 97-24. Plaintiff argues that the Industrial Commission does not have jurisdiction over plaintiff's claim until the employer has filed an accident report with the Commission. After careful review, we disagree.

G.S. 97-24 states that "[t]he right to compensation under this Article shall be forever barred unless the claim be filed with the Industrial Commission within two years after the accident." North Carolina General Statute 97-24's requirement of filing a claim within two years of the accident is not a statute of limitation, but a condition precedent to the right to compensation. *Reinhardt v. Women's Pavilion,* 102 N.C. App. 83, 86, 401 S.E.2d 138, 140 (1991). Here, the plaintiff was injured in August 1991 and did not file her claim until October 1995. Accordingly, the Full Commission appropriately determined that plaintiff's claim was barred by G.S. 97-24.

[2] Next, the plaintiff argues that the defendants are equitably estopped from asserting the jurisdictional bar in G.S. 97-24. We disagree. Generally, a jurisdictional bar cannot be overcome by consent, waiver or estoppel. *Weston v. Sears Roebuck & Co.,* 65 N.C. App. 309, 312, 309 S.E.2d 273, 276 (1983); *disc. review denied,* 311 N.C. 407, 319 S.E.2d 281 (1984).

However, our decisions have also acknowledged that the Workers' Compensation Act "requires liberal construction to accomplish the legislative purpose of providing compensation for injured employees." *See, e.g., Belfield v. Weyerhaeuser Co.,* 77 N.C. App. 332, 335, 335 S.E.2d 44, 46 (1985) (citation omitted). In addition, we have enunciated a rule to the effect that, in an attempt to achieve the overriding legislative purpose, "equitable estoppel may [be used to] prevent a party from raising the time

limitation of G.S. 97-24 to bar a claim." *Id.* at 337, 335 S.E.2d at 47; *see also Parker,* 100 N.C. App. at 369-72, 396 S.E.2d at 628-30. In *Belfield,* we quoted with approval the following language from a respected treatise:

> The commonest type of case is that in which a claimant, typically not highly educated, contends that he was lulled into a sense of security by statements of employer or carrier representatives that "he will be taken care of" or that his claim has been filed for him or that a claim will not be necessary because he would be paid compensation benefits in any event. When such facts are established by the evidence, the lateness of the claim has ordinarily been excused.

*Belfield,* 77 N.C. App. at 336, 335 S.E.2d at 47 (quoting 3 A. Larson, *The Law of Workmen's Compensation,* § 78.45, at 15-302 through 15-305 (1983)).

*Craver v. Dixie Furniture Co.,* 115 N.C. App. 570, 578, 447 S.E.2d 789, 794 (1994).

Here the Full Commission found that plaintiff had been told by her supervisor that the claim would be denied because she did not immediately report her accident. The Full Commission went on to conclude that

> [t]here were no facts of record that would enable plaintiff to make an estoppel claim. Plaintiff did not rely on any indication that her worker's [sic] compensation claim was being taken care of. To the contrary, plaintiff was told that she did not have a claim.

The defendants were not estopped from asserting a jurisdictional bar because plaintiff was not lulled into a false sense of security. Defendant employer never told plaintiff that they would file her workers' compensation claim; in fact, plaintiff was told that they would deny any claim she filed. Accordingly, the defendants were not estopped from asserting the jurisdictional bar in G.S. 97-24. This assignment of error is overruled.

Finally, plaintiff argues that the Full Commission erred in reversing the deputy commissioner's finding that the defendants waived their defenses under G.S. 97-18(d). Because the Industrial Commission lacks jurisdiction over plaintiff's claim pursuant to G.S.

97-24, the Full Commission appropriately did not reach this issue. This assignment of error is overruled.

Affirm.

Judges TIMMONS-GOODSON and SMITH concur.