***********
The Full Commission has reviewed the prior Order and prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser, the records contained in the Commission's file in this matter and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner's dismissal of plaintiff's claim and enters the following Opinion and Award.
 *********** EVIDENTIARY MATTERS
1. The following documents were admitted into the record of evidence for consideration in this matter:
 a. Defendants' Motion to Dismiss, and the attachments thereto;
 b. Plaintiff's Memorandum in Opposition to Defendants' Motion, and the attachments thereto;
 c. Defendants' Memorandum in Support of their Motion, and the attachments thereto;
d. The Affidavit Ms. Patti Darnell, and;
 e. The Affidavit Mr. James B. Griffith, and the attachments thereto.
 ***********
Based upon the documents received into evidence, and arguments of counsel, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff was a vocational counselor with Goodwill Industries. Her duties were to provide vocational guidance and case management to individuals enrolled in Goodwill Industries' vocational services for the purpose of increasing employability and independence. She had been employed by Goodwill Industries for sixteen years.
2. On April 7, 1997, while in the course and scope of her employment, plaintiff was instructed by her supervisor to transport a Goodwill Industries disabled vocational client to an appointment. During the course of transporting the client, while plaintiff was still in the parking lot of Goodwill Industries, another car driven by Caroline B. Hall struck her. As a result of this compensable injury by accident, plaintiff sustained injuries to her left shoulder, left hand, and left wrist.
3. Plaintiff promptly reported the incident to her employer, who caused a Form 19 Report of Injury to be filed with the North Carolina Industrial Commission on April 22, 1997.
4. Plaintiff obtained medical treatment and continued to work with the employer until May 11, 2000, when she wrote to her employer as follows:
 I am continuing to experience pain and numbness in my left hand and left thumb due to injury I sustained in an auto accident on April 7, 1997, in Goodwill's handicapped parking lot. This injury occurred as I was preparing to assist one of Goodwill's clients, Janie Williams, into my vehicle to transport her to an emergency appointment.
 The above-mentioned injury that I have sustained continues to cause me pain in performing my required duties and is causing me stress mentally and emotionally to such an extent that I feel I cannot continue to do quality work. My doctor, Dr. Steven B. Sanford, Carolina Hand Center. . . . Charlotte, NC, has advised me that my above-mentioned injury is permanent unless I undergo surgery which is risky in that surgery may worsen my condition.
 Therefore, due to the limitations and restrictions caused by my above-mentioned injury coupled with other health problems I'm experiencing — rashes and swelling of my legs, I feel I must retire effective May 31, 2000.
3. Prior to April 7, 1997, plaintiff had sustained a closed-head injury in another automobile collision. As a result of her condition after that incident, plaintiff's husband, James B. Griffith, undertook the primary responsibility for plaintiff's administrative matters, including her medical bills and the claims arising out of the accident on April 7, 1997.
4. On August 11, 1997, defendant-carrier sent a "lien letter" to plaintiff's counsel, which served as formal notice to plaintiff of defendant-carrier's lien rights against any judgment or settlement against Carolyn B. Hall or her automobile insurance liability carrier. That correspondence also stated that defendant-carrier had agreed to pay for plaintiff's medical expenses resulting from the April 7, 1997 accident. The exact language of defendant-carrier's correspondence is as follows:
 Please be advised we are the Workers' Compensation carrier for Goodwill. I have agreed to pay for your client's current medical treatment related to this incident under W/C coverage. Please accept this letter as formal notice of lien against any third party liability claim. I have enclosed a copy of our lien letter to the liability carrier. I thank you and look forward to working with you.
5. Also on August 11, 1997, defendant-carrier sent a letter to Carolyn B. Hall's automobile insurance carrier, GEICO Insurance Company. That correspondence asserted the same lien rights as were claimed in the correspondence to plaintiff's attorney, and noted "we are required to pay Workers' Compensation benefits to this employee (plaintiff)." This correspondence then set forth a list of the benefits paid to date, with those being $1,251.81 in medical costs and $29.46 in other expenses. A copy was sent to plaintiff's attorney.
6. Plaintiff underwent evaluations and treatments for her thumb, hand, and wrist injuries. Ms. Patti Darnell, Benefits Coordinator for defendant-employer, told plaintiff in April 1997 that she was required to obtain pre-approval from defendants before incurring costs, or scheduling medical appointments. However, plaintiff sought medical evaluations and treatment with medical providers without consulting defendants or obtaining approval from the Industrial Commission. For some of her medical procedures, plaintiff submitted the bills to defendants, and paid some on her own.
7. On April 3, 2000, plaintiff filed a negligence lawsuit against Ms. Hall. At the conclusion of the trial, the jury found Carolyn B. Hall negligent but also found plaintiff contributorily negligent. Therefore, as reflected in the Civil Court's Judgment, plaintiff did not recover any money damages from her civil action. The civil judgment was entered on February 18, 2002.
8. On February 26, 2002, plaintiff sent a letter to the Industrial Commission informing the Commission that defendants had paid some of plaintiff's medical bills, that plaintiff had been assigned a ten percent (10%) permanent partial disability rating, and that her civil action had not been resolved in plaintiff's favor. On May 20, 2002, plaintiff filed with the Industrial Commission a Form 33 Request For Hearing.
9. Defendants filed a timely Form 33R and filed a Motion to Dismiss, citing N.C. Gen. Stat. § 97-24(a) (ii), which reads:
 (a) The right to compensation under this Article shall be forever barred unless (i) a claim or memorandum of agreement as provided in G.S. 97-82 is filed with the Commission or the employee is paid compensation as provided under this Article within two years after the accident or (ii) a claim or memorandum of agreement as provided in G.S. 97-82 is filed with the Commission within two years after the last payment of medical compensation when no other compensation has been paid and when the employer's liability has not otherwise been established under this Article.
10. Defendants' position is that plaintiff's claim must fail because it was filed more than two years after her accident of April 7, 1997, and more than two years after defendants' last payment of medical compensation on June 7, 1999.
11. Plaintiff contends that defendants should be estopped from asserting that her claim is barred by the provisions of N.C. Gen. Stat. § 97-24 because of representations made by defendants that she reasonably relied upon to her detriment. As the result of the carrier's "lien letters" to plaintiff's attorney and to the insurance carrier for Carolyn Hall, plaintiff believed that defendants had accepted liability for her accident. Plaintiff in fact did rely on the acceptance of the claim by defendants and relied to her detriment, since plaintiff has subsequently had to prove her right to compensation.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. In general, payment of medical expenses by an employer or workers compensation carrier in a workers compensation case, without more, does not constitute acceptance of a claim. Biddixv. Rex Mills, 237 N.C. 660, 75 S.E.2d 777 (1953); Barham v.Hosiery Co., 15 N.C. App. 519, 190 S.E.2d 306 (1972).
2. In this case, however, there was something more. In a letter to plaintiff's lawyer the workers' compensation carrier wrote:
 Please be advised we are the Workers' Compensation carrier for Goodwill. I have agreed to pay for your client's current medical treatment related to this incident under W/C coverage.
Additionally, the carrier wrote the following letter to the carrier of the party potentially liable as a third party:
AUGUST 11, 1997
 GEICO INSURANCE CO. 1 GEICO BLVD. FREDRICKSBURG VA 22412
 EMPLOYEE: ELLA JANE GRIFFITH INSURED: GOODWILL INDUSTRIES CLAIM NUMBER: WC 550 — 399005 DATE OF ACCIDENT: 04/07/97 PLACE OF ACCIDENT: Goodwill parking lot Charlotte NC
Dear GEICO Insurance Co.:
 This is to advise you that we are required to pay Workers' Compensation benefits to this employee. To date, we have paid:
 $ 1251.81 Medical $ Indemnity $ 29.46 Expense
 Our investigation indicates that you may be legally responsible for the injuries sustained by this employee. You should refer this letter to your insurance company. If you are uninsured, contact me within the next ten days to discuss repayment of these benefits.
Please acknowledge receipt of this letter.
Sincerely,
 S/________________ KATHERINE BAUGHMAN Claims Department
3. A workers compensation carrier has no lien rights unless the workers compensation carrier is legally responsible for the claim. By asserting lien rights, Liberty Mutual admitted that it was legally liable on plaintiff's claim. In fact, it admitted as much twice. The first admission was in the lien letter to plaintiff's counsel when Liberty said:
 Please be advised we are the Workers' Compensation carrier for Goodwill. I have agreed to pay for your client's current medical treatment related to this incident under W/C coverage.
And the second admission was in the lien letter to the third party carrier when Liberty said:
 This is to advise you that we are required to pay Workers' Compensation benefits to this employee. (Ella Jane Griffith)
4. These admissions came well within two years after the claim arose. In fact, those admissions were made within five months of the date the claim arose.
5. Defendant employer also admitted liability when it instructed plaintiff that plaintiff was required to seek pre-approval from Goodwill and Liberty Mutual for any medical appointments and treatments (with respect to the injury). The employer and/or workers compensation carrier only has the right to direct medical care if it has accepted liability for the claim. Harrison v. Lucent Technologies, 156 N.C. App. 147,575 S.E.2d 825 (2003); Bailey v. Western Staff Services,151 N.C. App. 356, 566 S.E.2d 509 (2002); Kanipe v. LaneUpholstery,141 N.C. App. 620, 540 S.E.2d 785 (2000).
6. By accepting responsibility for the claim in two letters sent to plaintiff's counsel and in instructing plaintiff not to set up a doctor appointment without clearance from Goodwill and/or Liberty Mutual, defendants made N.C. Gen. Stat.97-24(a)(ii) inoperable. That section, by its terms, is only operable "when the employer's liability has not otherwise been established under this Article." Under case law interpreting the Workers Compensation Act, defendants' liability was established when it admitted liability. Its admission of liability in the manner in which it did was just as effective as had the defendants filed a Form 60 with the Industrial Commission. The operative words of a Form 60 are: Your employer admits your right to compensation for an injury by accident on ___. See alsoShockley v. Cairn Studios, 149 NC App 961, 563 SE2d 207 (2002), where voluntary payment of medical benefits and temporary total disability without filing a denial of the claim within 90 days of the last payment was held to be a judicial determination of liability.
7. Defendants are also liable on this claim under the doctrine of equitable estoppel. Wall v. Macfield/Unifi, 131 N.C. App. 863,509 S.E.2d 798 (1998); Craver v. Dixie Furniture Co.,115 N.C. App. 570, 447 S.E.2d 789 (1994).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. This matter is remanded to the Deputy Commissioner level for a hearing and determination not inconsistent with this Opinion and Order.
2. Any appeals from the determination of the Deputy Commissioner on remand will be referred to this panel.
3. Defendants shall pay the costs.
This 23rd day of August 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER