Pursuant to a waiver of oral argument by the parties, the undersigned reviewed the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. After careful consideration, the Full Commission has determined that the plaintiff has not shown good grounds to amend the award. The findings of fact as set forth therein are HEREBY ADOPTED by the Full Commission as follows:
* * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Buncombe County Schools was self-insured with Educator Benefits Services as the adjusting company.
4. The date of the injury was September 13, 1990.
In addition, the parties stipulated into evidence the following:
 1. Form 18 dated September 14, 1990 and received May 13, 1993.
2. Form 33 dated September 9, 1993.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff has been employed by defendant school system approximately nine years as a bookkeeper for the Child Nutrition Department. Her job duties have included typing information regarding the finances of the school cafeterias into the computer system, paying the bills and preparing financial reports.
2. On September 13, 1990 plaintiff was returning to her office from the coffee room when she slipped in a puddle of water in front of the doorway. She fell and landed on her right elbow. Following the incident, she experienced pain from her elbow to her neck and she had trouble moving her arm in certain ways. Later that day she went to Urgent Care where she was given a sling and medication. Physical therapy was also ordered, and she underwent an extensive program of therapy over the course of the next year.
3. Plaintiff continued to have problems despite the treatment, so she went to Dr. Burkhardt who prescribed medication and gave her several injections. Her work station was also modified at his instructions so that she would not have as many problems at work. She was able to continue working despite her symptoms, but she would get up periodically in order to relieve her pain.
4. Defendant paid plaintiff's medical bills for at least two years following her injury but then denied liability for further benefits because she had not filed a claim.
5. When plaintiff inquired as to why her medical bills were not being paid, she was told that a Form 18 had not been filed. She had not been aware that she needed to file such a form or that there was a time limitation, but when she learned she completed one and submitted it to the Industrial Commission. It was received on May 13, 1993, over two and one-half years after her injury. This was the first claim filed on her behalf.
6. Defendant did not make any statements to plaintiff regarding filing a worker's compensation claim with the Commission until over two years had elapsed following the injury. The benefits clerk with whom she dealt was apparently unaware of the requirement. Plaintiff did not rely on anything she was told by supervisory or administrative personnel in not filing a claim.
7. Plaintiff did not file a claim with the Industrial Commission within two years of the date of her injury. Her failure to file her claim within the two-year period was not due to any misrepresentation by defendant.
* * * * * * * * * * *
Based upon the finding of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the Industrial Commission. N.C.G.S. § 97-24 (a); Barham v. Kaiser-RothHosiery Company, 15 N.C. App. 519 (1972).
2. The employer's report of the accident to the Industrial Commission does not constitute a claim filed on behalf of the employee, and voluntary payment of medical bills by the employer or carrier is not an admission of liability Biddix v. Rex Mills,Inc., 237 N.C. 660 (1953).
3. The Industrial Commission does not have jurisdiction over this claim in that it arises from an injury occurring on September 13, 1990, no claim was filed within two years of that date, and plaintiff has not proven circumstances which would invoke an estoppel against defendants. N.C.G.S. § 97-24 (a); Biddixv. Rex Mills, Inc., 237 N.C. 660 (1953); Barham v. Kaiser-RothHosiery Company, 15 N.C. App. 519 (1972).
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
ORDER
1. This claim is hereby DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs.
This the _____ day of __________________________, 1994.
FOR THE FULL COMMISSION
 S/ ________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ________________ DIANNE C. SELLERS COMMISSIONER
S/ ________________ THOMAS J. BOLCH COMMISSIONER
JJB:mj 10/27/94