* * * * * * * * * * *
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission affirms the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Food Lion, Inc. was a self-insured employer with Risk Management Services as the servicing agent.
4. The date of the alleged injury was June 13, 2000.
 * * * * * * * * * * *
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, who was a thirty-three years old at the time of hearing before the Deputy Commissioner, attended school to the twelfth grade but did not graduate. In March 1995 he began working for defendant at a warehouse location. His job in the sanitation department involved repackaging damaged boxes of grocery goods, cleaning up spilled or broken merchandise, removing rotten or damaged produce, collecting and bailing cardboard, cleaning bathrooms, cleaning and waxing floors and taking trash out of the building. He also had to restack pallets.
2. On June 13, 2000 plaintiff was reboxing and stacking some unknown product when he fell, landing on his backside. Some of the boxes he had stacked fell against him.
3. Plaintiff had had a history of problems in his groin area dating back to at least December 1996 when Dr. Farrington, his family doctor, noted complaints of episodic suprapubic and bilateral inguinal discomfort which was worse when he was urinating. Dr. Farrington referred him to a surgeon, to make sure that he did not have a hernia, and then to a urologist. He was treated for prostatitis or symptoms of urinary frequency periodically thereafter and was sent to Baptist Hospital for an evaluation in May 1999. Dr. Carbone examined the plaintiff on May 28, 1999 and then performed a number of diagnostic tests. Anticholinergic medication was then prescribed, and in September 1999 plaintiff informed Dr. Farrington that the symptoms had resolved. However, in April 2000 he returned to Dr. Farrington with complaints of urinary frequency, so Dr. Farrington prescribed treatment for prostatitis.
4. On June 23, 2000, which was after the accident at work, plaintiff again returned to Dr. Farrington for treatment. He did not tell the doctor about the accident. Rather, he complained of a knot in his abdomen and of having frequent urination. On examination, his prostate was enlarged, boggy and tender. Dr. Farrington diagnosed him with prostatitis and treated him with medication, but the doctor recommended that he see a urologist. By July his prostate was back to normal size, but he still complained of urinary frequency and in September Dr. Farrington noted swelling of his testicles. Consequently, Dr. Farrington referred him back to Dr. Carbone at Baptist Hospital.
5. Dr. Carbone examined Plaintiff on October 30, 2000 and found a varicocele on the left. Plaintiff decided to have it ligated and underwent the surgery on December 12, 2000. He healed well afterwards but returned to Dr. Carbone on March 30, 2001 wanting to be found disabled. The doctor ordered an ultrasound which proved to be normal, so he would not give plaintiff a work excuse. Dr. Farrington would not give Plaintiff a note until he returned on May 17, 2001 complaining of chronic testicular pain and discharge which he did not believe had been properly diagnosed. An MRI was then performed and was reported to be normal. Although Dr. Farrington did not believe that plaintiff was disabled, he gave plaintiff a work excuse because of plaintiff's complaints and insistence that he was unable to work.
6. On June 22, 2001 plaintiff then went to Dr. Davis who noted complaints of diffuse suprapubic inguinal and testicular pain which had lasted approximately one year and which had continued despite medical treatment, including surgery. Dr. Davis recommended cystoscopy and retrograde pyelography, which were performed on August 24, 2001. Plaintiff was diagnosed with mild prostatitis and was treated with medication. His urinary complaints were improved in October 2001 but he continued to complain of some testicular pain. By that time, Dr. Farrington had released him to return to regular work. In February 2002 plaintiff's medication was changed and he reported temporary improvement while on an antibiotic. However, he continued to complain thereafter of persistent symptoms in his groin, and Dr. Davis followed him periodically until April 29, 2003, the date of the last office note of record.
7. On February 25, 2003 plaintiff filed a Form 18 with the Industrial Commission claiming workers' compensation benefits for the injury of June 13, 2000. This was the first claim filed in the case. There was no evidence that defendant misled plaintiff in any way regarding his need to file a claim or that plaintiff relied upon any misrepresentations by defendant to cause his delay in filing the claim with the Industrial Commission.
8. In any event, plaintiff did not report the injury to any of his treating physicians. Consequently, Dr. Davis had no opinion regarding a causal relationship between the injury and the groin symptoms for which he subsequently treated plaintiff. Both Dr. Carbone and Dr. Farrington were of the opinion that there was no causal relationship between the groin symptoms and the accident.
9. On June 13, 2000 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. The fact that he fell and some boxes fell against him constituted an unusual occurrence which interrupted his regular work routine. However, the symptoms for which he was subsequently treated were not a proximate result of the accident. Rather, the accident caused such transient minor symptoms that they required no medical treatment and caused no disability.
10. Plaintiff did not file his claim for workers' compensation benefits within two years of the date of injury.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes the following:
 CONCLUSIONS OF LAW
1. On June 13, 2000 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the Industrial Commission. N.C. Gen. Stat. § 97-24(a); Barham v. Kaiser-RothHosiery Company, 15 N.C. App. 519 (1972).
3. The Industrial Commission does not have jurisdiction over this claim in that it arises from an injury occurring on June 13, 2000, no claim was filed within two years of that date, and plaintiff has not proven circumstances which would invoke an estoppel against defendant. N.C. Gen. Stat. § 97-24(a); Biddixv. Rex Mills, Inc., 237 N.C. 660 (1953); Barham v. Kaiser-RothHosiery Company, 15 N.C. App. 519 (1972).
4. Furthermore, since the medical conditions for which plaintiff was subsequently treated were neither caused by, nor materially aggravated by the accident and that he did not require medical treatment or sustain any disability due to the injury, he would not be entitled to benefits under the Workers' Compensation Act even if he had filed the claim on a timely basis. N.C. Gen. Stat. § 97-2 et seq.; Click v. Pilot Freight Carriers, Inc.,300 N.C. 164 (1980).
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. This claim is hereby DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs.
This the __ day of June, 2006.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER